THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACK PARISI, Appellant.

Argued October 11, 1937; decided November 23, 1937.

*Arthur V. D. Chamberlain* and *Jacob W. Friedman* for
appellant. Prejudicial error was committed in the
instructions, particularly in expressly negativing the
defense of alibi. (*People* v. *Russell,* 266 N. Y. 147;
*People* v. *Robins,* 242 App. Div. 516; *People* v. *Alex,*
260 N. Y. 425.) The absence of the judge from the court-
room during the taking of the exceptions invalidated the
proceedings, deprived the defendant of a constitutional
right and was clearly reversible error. (*People* v. *Silver,*
240 App. Div. 259; *Ellis* v. *People,* 21 How. Pr. 356;
*People* v. *Spohr,* 206 N. Y. 516; *Sterrett* v. *Third Nat.
Bank,* 122 N. Y. 659; *People* v. *Bragle,* 88 N. Y. 585;
*People* v. *Tupper,* 122 Cal. 424.) The case is not governed
by section 542 of the Code of Criminal Procedure. (*People*
v. *O'Regan,* 221 App. Div. 331; *People* v. *Purtell,* 243
N. Y. 273; *People* v. *Sobieskoda,* 235 N. Y. 411; *People*
v. *Smith,* 232 N. Y. 239.)

*William F. X. Geoghan, District Attorney (Ralph K.
Jacobs* and *Henry J. Walsh* of counsel), for respondent.
The trial court's charge was free from error. (*People*
v. *Smith,* 180 N. Y. 125; *Sindram* v. *People,* 88 N. Y.
196; *People* v. *Leach,* 146 N. Y. 392; *People* v. *Fanning,*
131 N. Y. 659.) The court committed no error in requir-

ing that the exceptions to its charge be noted in the absence of the jury and the court. (*Polykranas* v. *Krausz*, 73 App. Div. 583; *Hunt* v. *Becker*, 173 App. Div. 9; *Utica Nat. Bank & Trust Co.* v. *Nickel*, 128 Misc. Rep. 614; *People* v. *Fisher*, 223 N. Y. 459; *Kittredge* v. *Grannis*, 236 N. Y. 375.)

O'BRIEN, J. Appellant has been convicted of the crime of grand larceny, second degree, for abstracting money and jewelry from the apartment of Patsy Lopresti in Brooklyn. He was identified by Lopresti as the man who stole his property and his defense was an alibi. He testified that at the time of the commission of the crime he was working in his store and had nothing to do with the hold-up. An issue of fact was presented by this conflicting testimony, but in his charge the trial judge stated: "If he has an alibi, he can produce it. *He has not produced any.* * * * It is a mighty good defense if true, but *not a single witness has been put on the stand to prove an alibi.* Therefore, this is a point of law, the law says that you have a right to assume that the defendant cannot produce alibi witnesses. I heard counsel argue, I did not interrupt him, that you should assume that the defendant was elsewhere because if he had been a participant in the crime that he could have put on a fake alibi, and because he did not put on a fake alibi, you, therefore, have a right to assume failure so to do as a substitute for a genuine alibi. I charge you, as a matter of law, that that argument is not worth two pins." The court having charged the fact to be that no witness had testified in respect to an alibi, counsel requested a charge that there is evidence by defendant which, " if believed by the jury, is sufficient to establish the defense of alibi, just as much as if he had called another witness, if there was such witness in his store on the night in question." The court did not comply with this request but did charge: " *If there is any such evidence,* gentlemen, then my charge

on alibi applies to failure to produce other witnesses, disinterested witnesses." Again, counsel requested a charge that " if they [the jury] find that this defendant's testimony be true, that he was in his store that night and that there is no witness that he can bring to court to corroborate his testimony, that he was in fact in his own place of business that night, that because of his failure to produce witnesses when there were none, may not be held against him, that this charge may not be construed against him in determining his guilt or innocence," but the court declined. Defendant was entitled to have the jury instructed in respect to the value of his own testimony, if believed by the jury, and the court's refusal so to charge constitutes reversible error.

Immediately after the retirement of the jury, counsel stated to the court that he wished to note some exceptions. Thereupon the court replied: " Dictate them to the stenographer," and left the room. These exceptions were not heard by the judge. If he had been present, perhaps he might have modified his rulings. That is one of the purposes of an exception. (*Sterrett* v. *Third Nat. Bank*, 122 N. Y. 659, 662.) Moreover, since the judge is a most important part of a court, it is his duty to be present throughout all proceedings relating to the trial. We hold that these errors are not such as may be disregarded under section 542 of the Code of Criminal Procedure.

The judgments should be reversed and a new trial ordered.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.