## HOMER BONNER v. STATE.

No. A-10539.   July 10, 1946.

(170 P. 2d 1020.)

Sam Y. Colby, of Madill, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field and Jess L. Pullen, Asst. Attys. Gen. and O. C. Barnes, Co. Atty., Marshall County, of Madill, for defendant in error.

BAREFOOT, J.   Defendant, Homer Bonner, was charged in the district court of Marshall county with the

crime of larceny from the person; was tried, convicted and sentenced to serve a term of one year and one day in the State Penitentiary, and has appealed.

When the appeal in this case was perfected, the Attorney General filed a motion to dismiss the appeal for the reason that the same was not perfected within the six months provided by the statute for the filing of an appeal. Reply to this motion was filed by defendant, and a copy of the judgment of the district court was attached to the reply. An examination of the record reveals that the case-made and petition in error were filed in this court on June 21, 1944, within the six months provided by statute. 22 O.S.1941, § 1054.

A reply was filed by the Attorney General admitting that the record showed that the filing of the appeal had been perfected within the six months provided by the statute, but contended that proper extensions of time had not been procured for the filing of the appeal, and that for this reason the court should only consider the case-made as a transcript and not consider the appeal on its merits. A brief has been filed by defendant, and the state has declined to file brief but is submitting the case on the motion above stated.

We have carefully read the record and find that at the time the case-made was signed by the trial judge, the following language was used in the certificate:

"And it appearing to me that the said case-made has been fully made and served upon the plaintiff within the time fixed by the orders of the court, and that the right to suggest amendments and the service of notice of the settlement of the case-made have each been waived in writing in the case-made by the plaintiff herein * * * said case-made is found to be true and correct, * * * " etc.

The record in this case reveals that the motion for new trial was overruled on December 27, 1943, and on that date the court entered an order granting 60 days' extension for the making and serving of a case-made, ten days to suggest amendments and three days to settle same. On February 28, 1944, an order of extension for a period of 60 days to prepare and serve case-made for appeal was signed by the trial court, and in this order it is stated that the time granted in the original order is "insufficient," and that an extension of sixty days from February 27, 1944, is granted. The case-made was prepared and served within the time granted.

The contention that this appeal should be dismissed under the above statement is highly technical. The record in the case reveals that for some reason undisclosed, the regular court reporter was unable to report this case and prepare the record for appeal. During the trial of the case and while the jury was deliberating they were brought into the court and requested that certain testimony be read to them by the court reporter. She was unable to read the same, and the jury was deprived of this right, though it is provided by 22 O.S.1941 § 894, as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

An examination of this record reveals that it was not reported in the manner contemplated by the statute,

but we do not deem it proper to sustain a motion to dismiss the appeal on a technicality such as above stated.

This defendant was charged in the district court of Marshall county with the crime of larceny from the person, of the billfold of E. P. Schneider which contained the sum of $36.98 in currency and checks. The defendant was charged jointly with S. A. Tripplett with the larceny. The defendant Tripplett joined the army and was never prosecuted. After his conviction, the defendant made application to the Pardon and Parole Board for permission to join the army. The board was ready to grant his application, but upon receiving information that his case had been appealed to this court, refused to take action, pending the appeal.

The record further discloses that after the arrest of this defendant, he made bond and was released. His grandfather had made his bond, and when defendant asked him for permission to go to California for the purpose of working in a defense plant, his grandfather asked to be discharged from the bond. This request was granted, and the defendant was taken into custody and by the court ordered sent to the State Penitentiary at McAlester for safe-keeping. This order, which appears in the record, does not give any reason why the same was entered.

While it seems to be the practice for trial courts in some instances to send prisoners to the State Penitentiary for safe-keeping, for good cause shown, we have been unable to find any statute authorizing this procedure. We are not holding that the court did not have the inherent power to enter this order, if there was sufficient cause for doing so; but before such an order is entered, there should be a hearing before the court, and good cause shown therefor.

It is revealed by the record that this defendant remained in the State Penitentiary at McAlester, confined in a cell five by ten feet for a period of nine months, from June 26, 1942 until March 22, 1943, when he made another bond, and was released. He was tried on June 9, 1943, and the trial resulted in a hung jury. He was again tried on December 16, 1943. At this trial he was convicted, and his punishment assessed at one year and one day in the State Penitentiary.

The evidence on behalf of the state was that this defendant and his codefendant, S. A. Tripplett, on the night of January 31, 1942, went to the Top Hat, a beer tavern near Madill, in Marshall county. That E. P. Schneider, the prosecuting witness, was there when they arrived. The three of them were in a booth, drinking beer, and watching the dancing. T. Z. Splawn, a former sheriff of Marshall county, was working at the Top Hat on Saturday night, January 31st. He was a constable at that time. He testified that he saw the defendant and Tripplett, his co-defendant, and Mr. Schneider sitting in the booth, and that he served them beer. That he "saw Mr. Tripplett fooling with Mr. Schneider and heard him say, 'I can't get it," and the defendant said, 'Let me over there, and I can get it.' " That soon after this and between 11 and 12 o'clock he saw the parties go out of the building, and he found in defendant's pocket the billfold containing "about $36.98," part in checks, a ten and a five dollar bill, and two or three ones. He returned the pocketbook and contents to Mr. Schneider on Sunday morning. Mr. Schneider did not know he had lost his billfold containing the money until it was returned to him at his home, by Mr. Splawn.

The state introduced one other witness who testified to seeing the defendants at the Top Hat, and of drinking beer with them.

Defendant testified that he was 30 years of age. That he supported his widowed mother and family, and that he had been recently engaged in defense work in California, but had returned to Marshall county for his trial. He testified to going with his codefendant Tripplett to the Top Hat on the night of January 31, 1942. That Tripplett "bought a jug—a pint of whisky," and they hid it on the north side of the building. That they took a drink before entering the building. That they saw Mr. Schneider sitting there, and that he was partly drunk, and he asked them to have a bottle of beer, and that Mr. Schneider then asked them if they wanted another one. That he had his billfold in his hand, and handed it to defendant and told him to take it to the front and get some more beer. Defendant went outside to get another drink of the whisky, and when he did, T. Z. Splawn followed him, and said, " 'Hand me that billfold,' and I said, 'Sure you can have the billfold. Mr. Schneider gave it to me to get some beer.' And he said 'No, you bastard, you stole that billfold from Mr. Schneider.' And he didn't give me a chance to explain. He takes me to the jail and locks me up."

From the above statement, it cannot be said that the evidence was insufficient to sustain the judgment. But it can be said after a full consideration of this record, taking into consideration, the fact that this defendant has already served nine months in the State Penitentiary, that justice demands the judgment and sentence in this case be reduced to a period of one day in the State Penitentiary.

The judgment of the district court of Marshall county is therefore modified from a period of one year and one day in the State Penitentiary, to one day in the Penitentiary, and as so modified, is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.