THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RUCKER, Appellant.— Judgment affirmed. Memorandum: We find no merit in appellant's contention that reversible error was committed by the trial court when it granted a request of defendant's trial counsel to dictate an exception to the court stenographer outside the court's presence. There had been ample opportunity to take the exception in open court but the attorney waited 15 minutes after the Judge had left the courtroom before making his request. Defendant's attorney created the situation of which defendant now complains. We do not consider *People* v. *Parisi* (276 N. Y. 97) where a judgment was reversed because the Judge left the courtroom while the defendant's attorney was taking exceptions, an authority requiring reversal in this case. All concur, except Williams, P. J., and Noonan, J., who dissent and vote to reverse and to grant a new trial, in the following memorandum: The judgment of conviction should be reversed and a new trial ordered. During the course of the jurors' deliberations they requested further instructions. Shortly after these instructions had been given and deliberations resumed the attorney for the defendant sought and was granted permission by the court to place certain exceptions on the record. These exceptions were given to the court reporter but were not heard by the Judge nor was he aware of their nature. One of the purposes of an exception is to give an opportunity to modify rulings (*People* v. *Parisi*, 276 N. Y. 97, 100). In that case the court also said " Moreover, since the judge is a most important part of a court, it is his duty to be present throughout all proceedings relating to the trial." Without question exceptions to a court's instructions are a most important part of the trial proceedings. The absence of the court when these exceptions were noted constituted error which may not be disregarded under section 542 of the Code

of Criminal Procedure. (Appeal from judgment of Erie County Court convicting defendant of violation of subdivision 1 of section 1751 of the Penal Law.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.