429 P.2d 518

The STATE of Arizona, Appellee,

v.

John Leroy JONES and Marshall L. Mount, Appellants.

No. 2 CA–CR 66.

Court of Appeals of Arizona.

June 20, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

William L. Berlat, Tucson, for appellant Jones.

Anthony B. Ching, Tucson, for appellant Mount.

HATHAWAY, Chief Judge.

The appellants were jointly convicted of first degree burglary and appeal therefrom.

Sometime after the cause had been submitted to the jury for deliberation, the foreman informed the bailiff that the jury wished to rehear testimony of key witnesses and one of the defendants. The trial judge was not present. The request was submitted to another judge, who rejected it, "because of the nature of the request, and he not being the trial judge."

Upon the refusal of their request, the jury returned to deliberate. They later found both defendants guilty of first degree burglary. Each was given two years probation.

Both defendants appeal from the trial court's denial of their motion for a new trial on the ground that the trial court erred in denying the jury's request for testimony to be read as provided by Rule 281 of the Rules of Criminal Procedure of the State of Arizona, 17 A.R.S.; the defendant Mount also appeals from the trial court's denial of his motion for a new trial on the ground that there was insufficient evidence to prove that he was an accomplice to defendant Jones.

■ We hold that it was reversible error, where, in the absence of the presiding trial judge, the jury's request for pertinent testimony to be read to them was denied by a non-presiding judge, unfamiliar with the case. Rule 281 of the Arizona Rules of Criminal Procedure reads:

"After the jurors have retired to consider their verdict, if they desire additional instruction upon any point of law arising in the action or to have any testimony about which they are in doubt or disagreement read to them, they shall upon their request be conducted into the courtroom by the officer who has them in charge and the court shall give them such additional instructions or shall order such testimony read to them. * * * "

■ This rule, or a close facsimile, is adopted in most of the states. Although worded in mandatory form, most courts have treated it as discretionary and we believe this is the better view. The trial judge being totally familiar with the case is in the best position to control the regular procedure of the trial and to avoid time wasted through unnecessary reading of hundreds of pages of testimony to the jury and any undue prejudice which may result by the reading of any testimony. State v. Rubaka, 82 Conn. 59, 72 A. 566, 569 (1909); Bonner v. State, 82 Okl.Cr. 381, 170 P.2d 1020 (1946); and, LaMonte v. State, 145 So.2d 889 (Fla.App.1962).

The Oklahoma Supreme Court, having various opportunities to rule on this point, has very cogently resolved these cases in accord with the general rule stated above. In Raab v. State, 62 Okl.Cr. 361, 71 P.2d 773 at page 780 (1937), the court said:

"* * * one of the greatest duties and responsibilities is the right of the defendant to have the judge before whom he is tried personally present to meet any emergency that may arise during the deliberation of his case. Often information is desired by the jury, testimony to be read, or additional instructions to be given. If the judge is not personally present, the jury may, in order not to inconvenience its own members, or not to inconvenience the judge * * * decide that it will not have the testimony read, or the question asked, or the instructions explained; thus the right of the party being tried will not be fully protected as the law contemplates."

See also 23 C.J.S. Criminal Law § 972, p. 882; and, Grant v. State, Okl.Cr., 385 P.2d 925, 926 (1963).

■ In dealing with the sub-issue, whether another judge could properly deny this request by the jury in the absence of the presiding trial judge, we conclude that this procedure was improper and constituted reversible error. The defendant in a criminal case, especially where a felony is involved, has the right to have the same judge continue throughout the entire proceedings against him. 23 C.J.S. Criminal Law § 972, p. 884. In the few cases where a substitute judge has been permitted to enter a case after the proceedings have already begun the courts have been very cautious to note that this will only be permitted where the substitute judge becomes completely familiar with the entire case. State v. McCray, 189 Iowa 1239, 179 N.W. 627 (1920).

In the instant case there is nothing in the record which would indicate that the judge who rejected the request of the jury was familiar with the case in any way whatsoever. His basis for the rejection of the request ("because of the nature of the request, and he not being the trial judge") indicates that he was not familiar with the case.[1]

■■ Although at times the above rules may prove inconvenient to the trial court judge, it is nonetheless his duty, upon undertaking to preside at a criminal trial, to remain in control of the cause until final disposition. In the instant case the trial court judge's absence upon the request by the jury to rehear pertinent testimony constituted a loss of control by him of the proceedings. Had he been present or available he may have allowed the hearing of the requested testimony. The parties are entitled to unfettered collaboration between the judge and the jury within their respective spheres.

"* * * it has been held that if such absence results in loss of personal control and supervision of the case, it is ground for a new trial regardless of the question of prejudice, and although no objection is made at the time * * *" 24 C.J.S. Criminal Law § 1434, p. 37.

See also People v. Parisi, 276 N.Y. 97, 11 N.E.2d 554 (1937).

■ On the issue whether Mount was an accomplice, we find competent and substantial evidence supporting the verdict. The evidence showed that the defendants were observed by Hugh Downs, owner and operator of Cactus Bowl, to have arrived at the parking lot of Cactus Bowl in an automobile with three others. Downs saw the latter three get out of the car and go into the liquor store. Soon thereafter both defendants were seen getting out of the car and splitting up, each proceeding down separate rows of cars in the lot, checking and searching the cars. Each defendant was witnessed by Downs, who was watching from the roof of the Cactus Bowl, to have searched about eight cars. Then Jones was seen to enter the 1958 Pontiac and remove some clothing therefrom. A whistle was then heard, the origin of which is unknown, and both defendants hurriedly returned to the car in which they had arrived. When the other three had returned from the liquor store, Hugh Downs arrested all five of the group. Clothing, belonging to the owner of the 1958 Pontiac, in question, was found by Downs outside of and on the ground near the car in which the defendants had arrived.

The defendant Mount urges that no evidence was presented showing any prior conversations between Jones and himself concerning a plan to burglarize any car in the parking lot and that since the two defendants did not work side-by-side in going through the various cars, then as a matter

---

1. In Henderson v. State, 95 Okl.Cr. 342, 246 P.2d 393, (1952) the court reversed a conviction of manslaughter where the trial court judge, upon becoming sick, delegated the duty of receiving the verdict to another judge. The court held that the duty of receiving the verdict is a judicial act which cannot be delegated, and a verdict so received is void. See also Allen v. State, 13 Okl.Cr. 533, 165 P. 745, L.R.A.1917E, 1085 (1917).

of law the court must have found that there was insubstantial evidence to prove that he was an accomplice to Jones. However, the jury, being the finder of fact could choose to believe from the above evidence that the defendant Mount aided and abetted Jones in burglarizing the cars.[2] See State v. Roberts, 85 Ariz. 252, 336 P.2d 151 (1959); State v. Holliday, 92 Ariz. 168, 375 P.2d 370 (1962); State v. Beardon, 99 Ariz. 1, 405 P.2d 885 (1965); and, State v. Villegas, 101 Ariz. 465, 420 P.2d 940 (1966).

Reversed and new trial ordered.

MOLLOY and KRUCKER, JJ., concur.

2. A.R.S. § 13–139
"All persons concerned in the commission of a crime whether it is a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid or abet in its commission * * * are principals in any crime so committed."