**Riley Mitchell JONES, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14341.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Rehearing Denied April 23, 1969.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Riley Mitchell Jones, was convicted by a jury in a two stage trial in the district court of Tulsa County. He was convicted for the offense of Grand Larceny, After Former Conviction of a Felony, and was sentenced to serve nine years in the state penitentiary. This appeal is from that judgment and sentence. Hereafter, plaintiff in error will be referred to as defendant.

A man and a woman were observed "stripping" a Plymouth Barracuda automobile about nine or ten o'clock in the morning on February 2, 1966 in the outskirts of the City of Tulsa, Oklahoma. The woman plead guilty to the charge and was sentenced, and served one year in the state penitentiary. The witness, who observed the stripping of the automobile, identified the defendant in the courtroom. The woman, who had previously plead guilty, testified that this defendant was not the man who committed the larceny with her. However, she was unable to name the other man, except by the nick-name of "Rags." Defendant was found guilty and on December 27, 1966, judgment and sentence was imposed, sentencing him to the penitentiary.

This appeal is pressed on two propositions: First, that the trial court erred in not permitting the reading a second time certain testimony of one witness, when requested by the jury foreman; and secondly, that the trial court erred by making certain remarks to the jury which, in effect, coerced the jury into reaching a verdict.

Defendant's first proposition is premised upon Title 22, O.S.A. § 894, which provides:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

The record reflects that the jury communicated with the trial judge and requested that the testimony of one witness be read to the jury. The trial judge declined the request for two reasons: first, that reading the testimony of one witness a second time would be repetitious; and secondly, that a second reading would add undue emphasis to that portion of the testimony read. Defendant contends that the statute is mandatory, and the court committed error when the jury's request was denied. In support of his proposition, defendant cites Bonner v. State, 82 Okl.Cr. 381, 170 P.2d 1020, and Williams v. State, 4 Okl.Cr. 523, 114 P. 1114.

From our reading of the Bonner case, supra, the judgment and sentence was modified for reasons other than the failure of the court to read requested testimony to the jury upon their request.

The only comment in that case, concerning the section of the statute now under consideration, merely sets forth the reason why the testimony was not read back to the

jury. Likewise, the Williams case, supra, concerns itself with the misrepresentation of testimony by the prosecuting attorney during his closing argument, as related to section 6823 of Snyder's Compiled Laws of Oklahoma 1909, now codified as Title 22 O.S.A. § 831, which pertains to trial proceedings after the jury is impaneled.

The Attorney General sets forth in his brief that the only two cases which make reference to the section of the Statutes now under consideration are: Bonner v. State, supra, [also cited by defendant] and Buffalow v. State (1955), Okl.Cr., 279 P.2d 1103. But neither case specifically deals with the interpretation of the section of the Statutes under consideration. The Attorney General also cites cases from other jurisdictions, which he relates support his position that the application of the Statute lies within the discretion of the trial court. The first case cited is: Morman v. State, 110 Ga. 311, 35 S.E. 152, which provides:

And the court may, of its own motion, have the stenographic report of a witness's testimony read to the jury in the trial of a criminal case, where they differ as to the testimony of the witness, and, coming into court, make this difference known.

The second case cited from another jurisdiction is: State v. Manning, 75 Vt. 185, 54 A. 181, which recites:

But the jury have no absolute right, in the absence of statute, to have the stenographer's notes of the testimony taken in the case read to them. Whether their request, in regard, should be complied with, rests in the discretion of the court.

Thus, the trial judge, in his discretion may grant or deny the jury's request, upon their return into court, that certain testimony be read to them.

And his third citation is People v. Shuler, 136 Mich. 161, 98 N.W. 986, which states with respect to judicial discretion:

It is within the discretion of the court to comply with the request of the jury, made after they have retired to consider their verdict, for information as to certain testimony which had been produced before them.

While these cases are from other jurisdictions, we believe they support the position contended by the Attorney General that the matter of providing additional information to the jury lies within the discretion of the trial judge.

We interpret the mandatory aspect of 22 O.S.A. § 894 to be that which provides for the return of the jury to the courtroom, and for the notification of the parties to the trial that the jury is being returned for additional information, or instruction. The termination of whether or not the jury's request is required lies within the judicial discretion of the trial judge. We observe the second paragraph of the syllabus to Miller v. State, 40 Okl.Cr. 72, 267 P. 673, (1928) provides:

"When a jury in the trial of a criminal case have retired for deliberation, if there be a disagreement between them as to any part of the testimony, they may require the officer in charge of them to conduct them into court, where the information required, *if proper*, may be given them." (Emphasis supplied.)

Consequently we cannot accept defendant's first proposition that the trial court erred when the requested testimony was not read to the jury. We are of the opinion that whether or not the request is proper must be determined by the trial judge.

With reference to defendant's second contention that the jury was coerced into returning a verdict, we consider such to be without merit. The complained remarks of the trial judge are reported on pages 104 and 105 of the casemade, as follows:

"THE COURT: Gentlemen of the jury, the hour is late and it's past the ordinary quitting time, and the Court would inform you that arrangements haven't been made for feeding you, and I would inquire of the jury foreman as to whether you desire to deliberate further or to determine whether you are hopelessly deadlocked.

THE FOREMAN: Your Honor, we haven't really arrived at a decision of any kind at this point. We will need some further deliberations.

THE COURT: Well,—

THE FOREMAN: We ought to be able to come, I think, to a decision within an hour, or less.

THE COURT: Is that the consensus of all the jurors? (Jurors reply affirmatively.)

THE COURT: Well, realizing that it's the end of the docket, or the end of your jury term, and if there is a chance that a verdict can be returned, then the Court will afford you additional time to deliberate. But, if there appears to be no reasonable indication, then the Court would, of course, declare a mistrial and discharge the jury. Do you want to try it for awhile longer?

THE FOREMAN: Let us have a little more time.

THE COURT: All right."

 Under the facts of this case, we fail to see the coercive effect of the trial court's remarks. This Court provided in Wishard v. State, 5 Okl.Cr. 610, 115 P. 796, (1911):

"The length of time during which a jury should be required to consider a case is within the sound discretion of the trial court, and this court will not interfere with the exercise thereof, unless manifestly abused. It is impossible to state any rule by which to determine what language by the court is sufficiently coercive to invalidate a verdict. This depends upon the circumstances of each case. * * * Unless this judicial discretion is abused, the verdict should stand."

In the instant case, we do not consider the trial judge's remarks to be coercive. When the jury indicated that they might reach a verdict with further deliberation, they were permitted to deliberate further.

After having carefully examined the record before the Court, we are of the opinion that the defendant's trial was proper and that he received due process of law under a two-stage proceeding. We are therefore of the opinion that the judgment and sentence of the District Court of Tulsa County should be affirmed. Judgment and sentence affirmed.

BUSSEY, J., concurs.

NIX, J., dissents.

NIX, Judge (dissenting).
Title 22, O.S.A. § 894 reads:
"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required *must* be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

I fully believe the statutes of this State should be complied with, or repealed.