John C. HOLDER, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–16288.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Wayne W. Woody, Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., for respondent.

## OPINION ON WRIT OF CERTIORARI

BRETT, Judge.

This decision consolidates two separate appeals by petition for writ of certiorari, Nos. A–16,287 and A–16,288, by order of this Court entered December 8, 1970.

The first petition for writ of certiorari was from pleas of guilty entered in the District Court of Tulsa County, to three Bogus Check charges, filed under the provisions of 21 O.S.Supp.1967, Section 1541.-2; and the second appeal was from a conviction on a plea of guilty to the charge of extortion, filed under the provisions of 21 O.S.1961, Section 1486, covering the act of making a threat by written instrument. Petitioner was convicted in the District Court of Tulsa County on September 8, 1970; and Judgment and Sentence was imposed on each conviction, with the provision that the Judgments and Sentences were to run concurrently. Petitioner was represented by counsel of his own choosing, received a preliminary examination on two of the check charges, but waived preliminary examination on the third such charge and on the extortion charge, upon advice of counsel, and freely and voluntarily entered his pleas of guilty to each charge.

Petitioner was committed to the Eastern State Hospital on June 1, 1970, upon application of his first attorney, Mr. Wendell C. Clark. The record reflects that the court

received a letter from the hospital dated July 6, 1970, which merely stated that petitioner was discharged from the hospital, but no report of any psychiatric evaluation appears in the record.

At the hearing had on August 17, 1970, petitioner appeared with his second attorney, Mr. Wayne Woody, waived preliminary examination, trial by jury, and entered his plea of guilty to the charges of Bogus Checks: CRF–69–631, CRF–70–456, and CRF–70–767. After the court thoroughly inquired of petitioner, concerning his understanding of his constitutional rights and the consequences of his waiver thereof, the pleas of guilty were accepted and the imposition of judgment and sentence was set for September 8, 1970; and the court asked for a probation report to be made and submitted on petitioner. At that same hearing, the court recognizing that a defective variance existed in the information in case No. CRF–70–969 alleging extortion, set off the hearing on that matter until August 18, 1970, notwithstanding petitioner's willingness to waive the defect and enter his plea.

On August 18th petitioner again appeared with his counsel before the same Judge, waived his right to preliminary examination on the amended information, his right to a jury trial and entered his plea of guilty to the charge of extortion. The court again made specific inquiry of petitioner concerning his understanding of the charge, his constitutional rights, and the consequences of his waiver of those rights prior to accepting his plea of guilty. Thereafter, imposition of judgment and sentence was set for September 8th, with the other three charges.

On September 8th the court referred to the probation report submitted on behalf of petitioner as follows:

"THE COURT: The recommendation reads as follows: 'The subject seems to be a person with high intelligence and has the capacity to lead a productive life. However, it is felt that this department could supervise this man. However, in view of subject's military status, it is felt that we would not be able to have sufficient personal contact with subject to give him the proper supervision,' which I take it to mean that it is a recommendation and it is not."

Petitioner's counsel advised the court of petitioner's outstanding military record covering eighteen years service, including his service in Viet Nam; and made reference to certain psychiatric evaluations which had been entered in petitioner's military records, but failed to offer any supporting evidence thereof. At the conclusion of defense counsel's remarks, the court took notice that some twenty-six other checks, written by petitioner, were still outstanding in the total sum of $836.96, to which counsel advised the court petitioner was able to make partial restitution for those checks.

The court followed the prosecutor's recommendations for sentence and sentenced petitioner to serve seven years on each of the three bogus check charges, and imposed the maximum sentence of five years imprisonment on the extortion charge; and provided further, that the four sentences were to be made to run concurrently each with the other. From those judgments and sentences these petitions for review by writ of certiorari were filed. The writ of certiorari was entered on December 8, 1970, when the records of trial were compiled and filed with the Court.

Petitioner asserts in his petition that the trial court failed to accept the recommendations for probation contained in the probation report, but we do not accept that contention. The trial judge recognized the probation officer's exception concerning supervision, when the report stated: "However, [Except] in view of subject's military status, it is felt that we would not be able to have sufficient personal contact with subject to give the proper supervision."

Petitioner also refers to Moore v. State, 75 Okl.Cr. 222, 130 P.2d 114 (1942), as authority for this Court to premise modifica-

tion upon petitioner's military service. However, Moore's situation was considerably different from that of this Petitioner. We observe also, that the trial judge in stating that military service is no excuse or justification for the commission of crime, made much the same observation this Court did in Moore v. State, *supra,* when in the dictum it was said:

"The fact that a man who commits the crime is an ex-soldier and honorably served his country is no excuse or justification for his commission of a crime, but when it is shown, as in the instant case, that the defendant honorably served his country and while so doing suffered shock and wounds which troubled him after that conflict had ended, then such circumstances should rightly be taken into consideration in determining whether such condition possibly contributed to the crime, and, accordingly, whether the judgment and sentence should be modified."

In that case, Moore was convicted for Murder and was sentenced to die in the electric chair. Because of his asserted condition, which was supported by testimony, his sentence was modified to life imprisonment. Also, in this case petitioner has not provided any supporting evidence for his contentions, except that stated in the record by his attorney.

■ The record reflects that petitioner had served one hundred days in the county jail, when he had his hearing on August 17, 1970. The record reflects that this is the first imprisonment suffered by petitioner, therefore he is entitled to receive credit for "jail time" toward satisfaction of his penitentiary sentences. See Stiles v. Page, Okl.Cr., 424 P.2d 96 (1967). Defendant asserts also, that this case is similar to Bonner v. State, 82 Okl.Cr. 381, 170 P.2d 1020 (1946), in which the sentence was modified from one year and one day imprisonment, to only one day imprisonment. But in that case Bonner had served nine months in the county jail, prior to his conviction. Such is not petitioner's situation.

■ Petitioner's contention that the punishment is excessive is without merit. The trial court pointed out to petitioner, prior to accepting his plea of guilty in each of the check charges, that he could be sentenced to serve ten (10) years on each charge, and petitioner acknowledged that he understood that fact. Also, the maximum sentence of five years on the extortion charge is not excessive, under these facts. We observe that his letter of demand to the DX Sunray Official, in which he demanded the payment of $72,351.72, [for alleged losses he had been caused by the Sun Oil Company, prior to the merger which created DX Sunray] stated in part: "I am prepared and most willing to create multi-million dollar damage to your Tulsa facilities, most especially your West Tulsa Refinery at which I have concentrated my main effort." His letter recited that he, and others retained by him, had already placed 280 pounds of explosives around the company facilities, ready to be detonated by remote control. It would appear that the trial court allowed some consideration for petitioner, when the sentences were made to run concurrently, instead of each running consecutively to the other.

■ The relief petitioner is seeking by these appeals is in the nature of clemency, which is not within the province of this Court. Clemency is a matter for the Executive Department of Government, which may be considered by the State Pardon and Parole Board; but clemency may not be the basis for judicial modification of the sentence imposed by the trial court.

We are therefore of the opinion, after carefully reviewing and considering the records of petitioner's convictions on pleas of guilty, from which these appeals have been lodged, that the judgment and sentence in each conviction should be affirmed.

It is so ordered.

BUSSEY, P. J., and NIX, J., concur.