Marty Waldo **FARRINGTON**,
Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16687.

Court of Criminal Appeals of Oklahoma.
Oct. 26, 1971.

H. G. Tolbert, Watonga, for plaintiff in error.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Marty Waldo Farrington, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Blaine County, Oklahoma for the offense of Burglary in the Second Degree. His punishment was fixed at six (6) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Tincy Cowan testified that she operated a clothing store in Watonga. On the morning of October 21, 1967, upon entering her store, she found that $20,000 worth of clothing was missing. During the course of examination of this witness, various exhibits of clothing were admitted into evidence.

Thelma Smith testified that she worked for Tincy Cowan. She opened the store the 21st day of October and found that the contents of the store were out of order, and that there were many missing items. She testified that there was a hole cut in the roof of the building. She identified some of the articles that were missing from the store.

Margaret McClung testified substantially to the same facts as related by the witness Smith.

Officer Winters testified that somewhere between 8:00 o'clock to 10:00 o'clock on the evening of October 19, 1967, he observed the defendant and a lady coming out of an alley at approximately one-half block west of the Cowan store. On the night of October 20, he observed a 1959 Chevrolet, Tag No. XZ–729, parked in the alley adjacent to the Cowan store. He observed the said car and trailer parked in the alley at 5:30 the following morning.

Deputy James Sinclair testified that he made an investigation of the Tincy store on the 21st day of October, 1967. He found that the store had been entered through the roof, and a hole was cut in the roof about two feet by sixteen inches. He testified that there was a rope hanging in the hole which was tied to a vent pipe on the roof.

C. P. Cunningham, the under-sheriff of Blaine County, testified substantially to the facts as related by witness Sinclair.

Emanuel Rath testified that he was in the salvage business in Oklahoma City, and had known the defendant for approximately three years. Prior to October 21, 1967, he sold the defendant a 1958 or 1959 Chevrolet. The defendant subsequently brought him some ladies' ready-to-wear clothing, which were turned over to the Oklahoma State Crime Bureau. He testified on cross examination that he had previously been convicted of a felony, and that he was charged with receiving stolen property as a result of having clothing.

Rita Graham, inmate of the state penitentiary at McAlester, testified that she first met the defendant at the Rath's Auto Salvage in Oklahoma City in the early part of October. At the defendant's direction, she purchased a rope and tarp at Sam's Surplus Store in Oklahoma City for the defendant. She identified the rope, which had been found in the store, as the rope that she had purchased. She testified that she took the defendant's car and rented a U-Haul trailer at the defendant's direction. A couple of days before she got the trailer

for the defendant, she and the defendant went to Seiling, Watonga and Woodward. They stopped in Watonga and looked at several dress shops. On approximately October 25, the defendant brought various ladies' clothing to her home. The clothing was subsequently turned over to the Crime Bureau.

Agent John Talbert of the Oklahoma State Bureau of Investigation testified that he investigated the burglary of the Tincy store in Watonga. He identified certain items of clothing which were recovered from Rita Graham and Emanuel Rath. He traced the rental of a U-Haul trailer back to Rita Graham on October 20, 1967. The bill of lading reflected that the trailer was rented to Rita Graham, driving a white 1959 Chevrolet bearing Oklahoma license tags, XZ–729.

Sheriff Compton testified concerning the recovery of various items of clothing.

■ The first proposition asserts that the trial court committed reversible error in overruling the Plaintiff in Error's motion for a new trial. We have carefully examined each of the specific allegations of error asserted under this general proposition and find each to be without merit. We specifically observe that the lack of a speedy trial was the direct result of defendant's own actions. On the three prior trial assignments, the defendant first requested a continuance, which was granted; second, he discharged his court-appointed attorney, and advised that he would hire his own counsel; and third, he failed to appear. We next observe that the defendant did not subpoena the witnesses, nor did he request the continuance prior to the trial to obtain their testimony, of which he now complains he was deprived. Next, we observe that there was no showing of prejudice in the trial court's refusal to allow the defendant to withdraw his plea of "not guilty" to interpose an oral demurrer to the Information on the day of the trial. Title 22 O.S. § 505 states that:

"The demurrer must be in writing, signed either by the defendant or his counsel, and filed. It must distinctly specify the grounds of the objection to the indictment or information, or it must be disregarded."

We next observe that defendant's failure to bring forth facts in a clear and concise manner that one of the State's witnesses had testified differently at a Preliminary Hearing was the direct result of defendant's choice of being his own attorney, and was also a lack of knowledge of requirements of proper cross examination. We further observe that the trial court properly overruled defendant's motion for mistrial when one of the jurors started coughing and left the courtroom. The trial court conducted a hearing on defendant's motion for mistrial, and upon hearing the witnesses, made a judicial finding that there was an absence of any showing of any type of prejudice or the opportunity for prejudice.

■ The defendant's second proposition asserts that the trial court committed fundamental and reversible error in making comments in the presence of the jury concerning evidence or lack of evidence. We have carefully examined each of the alleged improper comments by the trial court and need only to observe that they all occurred within the defendant's closing argument, wherein the defendant in arguing his own case repeatedly went outside the Record and referred to certain events and happenings that were not in the record of evidence. We are of the opinion that the trial court's comments were not improper, but rather correct rulings on the State's objection to defendant's improper closing argument.

■ The next proposition contends that the trial court erred in failing to have read all of the testimony of Rita Graham when requested by the jury. The Record reflects that the jury, after deliberating, returned to the courtroom and the following transpired:

"THE COURT: Are you asking to have her entire testimony reread?

"MR. MORGAN: Or just that portion of it.

"JUROR: Well, it might save time. Not all of her testimony when she first took the stand and on cross examination then. I would say that should clear it up.

"MR. MORGAN: That would be all of it.

"JUROR: No. She was called back a time or two.

"THE COURT: We can't have a discussion on it here at this time.

"MR. MORGAN: Some particular part of it is what they want.

"JUROR: It is these dates is what we would like to have cleared up.

"THE COURT: The only way it could be is to read the entire testimony.

"JUROR: O.K.

[The court reported then read aloud to the jury the testimony of the witness, Rita Graham, down to and including the statement by Mr. Farrington, "No further questions at this time, your honor," and the statement by Mr. Morgan, "You are through examining this witness?" and the statement by the defendant, "I am."]

"JUROR: Your Honor, I think we have covered about all the time we were having those problems with."

Title 22 O.S.1961, § 894, states as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to *any part of the testimony* or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called." (Emphasis added.)

We are of the opinion that neither the defendant nor the State has the right to select what portions of a witness's testimony is read to the jury, but the jury alone may request that all or any part of a witness's testimony be read. See Miller v. State, 40 Okl.Cr. 72, 267 P. 673 (1928).

 The final proposition asserts that the trial court erred in finding the defendant guilty of direct contempt of court. We do not deem it necessary to discuss whether or not defendant's conduct constituted contempt of court. The Record reflects that all the proceedings concerning the contempt of court were conducted outside the presence of the jury. If defendant is desirous of having this Court review the merits of the direct contempt, a separate appeal should be lodged.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.