613 P.2d 313

**In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE NO. J–82545.**

**No. 1 CA–JUV 136.**

Court of Appeals of Arizona, Division 1, Department C.

June 10, 1980.

Review Denied June 24, 1980.

Charles F. Hyder, Maricopa County Atty. by Sandra L. Janzen, Deputy County Atty., Phoenix, for State.

Atmore Baggot, Phoenix, for juvenile.

## OPINION

OGG, Chief Judge.

In this appeal, the juvenile appellant asks this court to set aside his commitment to the State Department of Corrections and remand the case for a recommendation as to disposition to the referee, William J. Meyers. The appellant presents two arguments alleging reversible error:

1. The provisions of A.R.S. § 8–231(E) were violated when the referee who conducted the change of plea hearing failed to include substantive recommendations for disposition in his report to the juvenile judge.

2. The constitutional rights of the juvenile were violated when he was sentenced by the juvenile judge rather than the referee who had accepted his change of plea.

The juvenile was charged by a petition dated August 20, 1979, alleging delinquency by virtue of having committed: Count I, theft, property valued at more than $1,000; Count II, flight from a police officer; and, a second petition dated October 22, 1979 alleging delinquency: Count I, curfew violation.

On December 19, 1979, the juvenile appeared before Referee William J. Meyers, and pursuant to a plea agreement the State dismissed Count I of the August 20, 1979 petition, dismissed entirely the petition dated October 22, 1979, agreed not to take a position at the time of disposition, and agreed not to file any further charges concerning the incidents underlying the petition dated October 22, 1979. In return the juvenile offered an admission to Count II of the August 20th petition.

After accepting the plea agreement at the adjudication hearing, the referee prepared a written report to the juvenile judge containing numerous findings, which included a finding that the juvenile was delinquent. In this report, the referee also set a specific time and place for the disposition hearing before Judge Rapp. The referee's report contained no findings or recommendations as to what action should be taken by the juvenile judge at the disposition hearing. The juvenile objected to this procedure, alleging a violation of A.R.S. § 8–231(E), and requested that Referee Meyers make substantive recommendations

as to what action was to be taken by the juvenile judge at the final disposition hearing. This request was denied by both the referee and the juvenile judge. The disposition hearing was conducted by Judge Rapp and at the conclusion he committed the juvenile to the State Department of Corrections. The juvenile has appealed from the order of commitment.

## THE VIOLATION OF A.R.S. § 8–231(E) ISSUE

The juvenile alleges that it was error for the referee to submit his report to the juvenile judge without making findings and recommendations as to the disposition under the provisions of A.R.S. § 8–231(E) which reads:

"Upon the conclusion of the hearing before the referee, he shall transmit written findings and recommendations for disposition to the judge of the juvenile court. Prompt written notice and copies of the findings and recommendations shall be given to the parties to the proceeding."

█ We find no violation of this statute and see no error in the procedure as developed and followed in this case. A.R.S. § 8–231 is a general statute covering all juvenile hearings by a referee and does not apply simply to a disposition hearing. In our opinion, the term "disposition" as used in this statute encompasses the disposition of all types of hearings that might be assigned by the juvenile judge to a referee. Section A. of this statute authorizes the juvenile judge to appoint referees who serve at the pleasure of the judge. Section D. authorizes that "the juvenile judge may direct that hearings in any case or class of cases [provided in this title] be conducted at the first instance by a referee." Section E. provides that at ". . . the conclusion of the hearing before the referee, he shall transmit written findings and recommendations for disposition to the judge of the juvenile court." We have studied the record, and it appears Referee Meyers was

assigned by the juvenile court to conduct an adjudication hearing relative to pending juvenile petitions against this juvenile appellant. The referee conducted such a hearing and in a written report to the juvenile judge made specific findings relative to the adjudication hearing: a finding approving the plea agreement, a finding that the juvenile understands his constitutional rights, a finding that such rights were waived under his plea agreement, a finding that his admission was knowingly, intelligently and voluntarily made, and a finding that there was a factual basis for his admission of guilt. The referee then concludes his findings and recommendations with an adjudication that the juvenile is a delinquent minor child. He made a further recommendation that the disposition hearing be set before Judge Rapp at a specific time and date.

This report by the referee is in full compliance with the statute in the context of his assignment. He conducted the adjudication hearing and made specific findings and recommendations culminating in his disposition of this hearing with a finding of delinquency. The juvenile judge approved this finding of delinquency and later proceeded to conduct the dispositional hearing.[1]

## THE VIOLATION OF CONSTITUTIONAL RIGHTS ISSUE

The juvenile contends that his constitutional rights were violated when he was sentenced by the juvenile judge rather than the referee who had conducted the adjudication (delinquency) hearing and who had accepted his change of plea. He argues that a defendant has a "valued right to have trial completed by a particular tribunal." *Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed.2d 974 (1949). The juvenile relies specifically upon the case of *State v. Jones*, 6 Ariz.App. 26, 429 P.2d 518 (1967), where the court said:

"The defendant in a criminal case, especially where a felony is involved has the right to have the same judge continue

1. Under the authority of 17A A.R.S., Juvenile Court Rules of Procedure, rule 9(a), the juvenile probation officer makes such investiga-

tions as the court directs prior to the dispositional hearing and submits "a written report to the court with his recommendations."

throughout the entire proceedings against him. . . . In the few cases where a substitute judge has been permitted to enter a case after the proceedings have already begun the courts have been very cautious to note that this will only be permitted where the substitute judge becomes completely familiar with the entire case."

*Id.* at 28, 429 P.2d at 520.

The *Jones* case is not dispositive of the issue in this case. In *Jones,* Division Two of this court reversed an adult criminal conviction where, in the absence of the trial judge, a jury's request to have certain pertinent testimony re-read during the jury deliberations was denied by a non-presiding judge who was totally unfamiliar with the case. In the juvenile case before us, Judge Rapp, through the records, reports, and the dispositional hearing he conducted, was familiar with all aspects of the case. *See State v. Wallen,* 114 Ariz. 355, 560 P.2d 1262 (App.1977).

■ The statutes and rules governing the conduct of our adult criminal trials are entirely different from juvenile proceedings. Under Arizona juvenile law, the juvenile judge may direct that hearings be conducted in the first instance by a referee (A.R.S. § 8–231(D)), and any orders or recommendations of such referee are not deemed final until confirmed by the juvenile judge. *Application of J–86993,* 124 Ariz. 108, 602 P.2d 489 (1979).

■ There could be no prejudice to the juvenile arising from the procedures followed in this case. Even if the referee had made a recommendation as to what action was to be followed at the dispositional hearing, such a recommendation would not be binding upon the final disposition made by the juvenile judge. The extension of constitutional rights in the juvenile court setting is based on the concept of fundamental fairness or due process. *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). There was no fundamental unfairness in having the juvenile judge handle the disposition of the case after the referee had heard the change of plea and accepted the plea bargain. The juvenile judge approved the referee's finding of delinquency and exercised the authority that only a juvenile judge possesses in making the final disposition of commitment to the Arizona Department of Corrections. *Application of J–86993.*

Affirmed.

JACOBSON, P. J., Department C, and DONOFRIO, J., concur.