543 P.2d 1154

**In the Matter of the Appeal In YAVAPAI COUNTY, JUVENILE ACTION NO. 7707.**

**No. I CA–JUV 39.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 23, 1975.

Thomas R. McCowan, Prescott, for appellant.

Charles E. Preimsberg, Yavapai County Atty. by Robert W. Kuebler, Jr., Deputy County Atty., Prescott, for appellee.

## OPINION

JACOBSON, Presiding Judge.

This appeal calls into question procedures for an "appeal" of a juvenile traffic violation originally handled by a justice of the peace acting as a traffic hearing officer for the juvenile court.

The facts giving rise to this appeal are as follows. On March 28, 1975, the 16-year-old female juvenile involved was charged in Yarnell Precinct, Yavapai County, on a uniform traffic complaint with making an unsafe turning movement. On the traffic citation issued, there was no indication that the offender was a juvenile. Although the arresting officer's report indicated the juvenile's true status, there is no indication that this status was brought to the attention of the justice of the peace

by defense counsel or anyone else during the contested trial of the matter in justice court.

The justice of the peace in Yarnell Precinct had previously been appointed by the juvenile judge of the Superior Court of Yavapai County to act as a "traffic hearing officer" to handle traffic juvenile offenses pursuant to A.R.S. § 8–232.

Following the trial in justice court, the juvenile was found guilty as charged, sentence was suspended and the juvenile was placed on probation for 90 days on the condition that she not commit other traffic offenses. On the same day that sentence was pronounced in justice court, defense counsel filed with the justice of the peace a "Notice of Appeal and Motion to Set". The motion to set requested the clerk of the superior court to set the matter for trial pursuant to Rule 30.5, Rules of Criminal Procedure. The justice of the peace immediately transferred his file to the clerk of the superior court and the matter was filed in the superior court clerk's office within three days of the justice of the peace's determination of guilt.

As previously indicated, it is apparent that both the justice court and counsel treated this matter in justice court as a trial of an adult. Further, it appears that the true status of the juvenile was not called to the attention of defense counsel until the matter was in superior court.

After the passage of 40 days, the juvenile filed a motion to dismiss the "criminal" charge on the grounds that a trial had not been set within 40 days as provided by Rule 30.4, Rules of Criminal Procedure. Juvenile for the first time contended in this motion that her "Notice of Appeal" filed in justice court had been filed pursuant to Juvenile Rule 11. The county Attorney responded with a motion to dismiss the "appeal" for failure to follow the procedure specified in A.R.S. § 8–232, for review of a traffic hearing officer's order in a juvenile traffic offense case.

The juvenile court denied the juvenile's motion to dismiss the charges and granted the county's motion to dismiss the appeal. A timely appeal to this court followed.

On appeal, the juvenile makes three basic contentions:

(1) The juvenile court should have dismissed the charges against her for failure to comply with the Rules of Criminal Procedure.

(2) That her "Notice of Appeal" filed in justice court should have been considered as a Juvenile Rule 11 appeal, and

(3) The justice of the peace, not having a law degree or being an attorney is unable under A.R.S. § 8–231(C), to hear a contested juvenile proceeding.

Since we are of the opinion that this matter must be disposed of on procedural issues, we do not reach the juvenile's third contention.

■■■■ As to the juvenile's first contention, it is apparent that the juvenile court's refusal to dismiss the charges against her for failure to follow the Criminal Rules of Procedure was correct. The Rules of Criminal Procedure are not applicable to juvenile proceedings. Rule 1.1, Rules of Criminal Procedure is clear that those rules only apply to "criminal proceedings". Juvenile proceedings by definition are not "criminal proceedings" as that term is used in prosecution of adult criminals. *See*, A.R.S. § 8–201(13). Rather, juvenile proceedings are governed by the Rules of Procedure for Juvenile Court. Rule 1, Rules of Procedure for Juvenile Court. Hence, failure to comply with the Rules of Criminal Procedure is no ground to dismiss juvenile proceedings.

The second question presented, dealing with how to "review" a traffic hearing officer's order in a juvenile traffic case is more complex. Aside from the confusion generated in this case by treating the juvenile as an adult in the justice court, the confusion arising from the inconsistencies between the juvenile code (A.R.S. § 8–201

to § 8–248) and the Rules of Procedure for Juvenile Courts, and within the Juvenile Rules themselves, is of some moment.

▮ Both the statutes and the Juvenile Rules appear to differentiate between the procedures applicable to general juvenile cases (those involving delinquency or dependency) and juvenile traffic cases. While either type of case may be referred to a referee, or to a traffic hearing officer in traffic cases, the power of disposition in each case as well as who may sit is strikingly different. In the general juvenile case, the referee, if he is to hear contested adjudication issues must be either an attorney or have a law degree, and such a referee's decision is merely a recommendation which does not become final until confirmed by the judge of the Juvenile Court. A.R.S. § 8–231(C) and (F).

▮ The traffic hearing officer, on the other hand, can be a magistrate, justice of the peace, or probation officer, who may or may not be an attorney or have a law degree, and his decision becomes effective immediately (final) unless with three days after the hearing, upon a *motion* for rehearing or upon his own motion, the judge of the juvenile court sets aside, modifies, or orders a rehearing. A.R.S. § 8–232(A), (F) and (G).

A.R.S. § 8–232(F) and (G) provides:

"F. Subject to the provisions of subsection G all orders of the traffic hearing officer shall be effective immediately.

"G. Within three days after hearing by the referee or traffic hearing officer, upon the motion of the child or his parent or guardian, for good cause, or upon his own motion, the judge of the juvenile court may set aside or modify any order of a traffic hearing officer, or may order or himself conduct a rehearing."

The statutory procedures of "confirmation" in general juvenile cases, A.R.S. § 8–231(F), and the "motion for rehearing" in traffic offenses, A.R.S. § 8–232(B), is

to be contrasted with the language of the Juvenile Rules. Rule 8(c), Rules of Procedure for Juvenile Courts, dealing with general juvenile cases speaks in terms of the referee explaining to the parents their "right to *appeal* his recommendations to the court and . . . set forth in simple and non-technical language the method of *appeal*." (emphasis added) Also, Rule 11, Rules of Juvenile Court, provides:

"No petition shall be required in traffic offenses, and the juvenile court may use the Arizona Traffic Ticket and Complaint in lieu of a petition. The court may authorize a referee to hear all phases of such matters, including transfer to another court. The parties shall have the *right of appeal* to the judge of the juvenile court from the *recommendation* of the referee." (emphasis added)

▮ As can be seen, the Juvenile Rules seem to confuse the statutory rehearing by a juvenile judge of a referee's or traffic hearing officer's determination with some sort of "appeal" and in the area of traffic cases, confuses the statutory finality of traffic hearing officers' determinations with the "recommendation" of a referee in general juvenile cases. Aside from these apparent inconsistencies, in our opinion, the statute and the rules contemplate that the juvenile court shall have exclusive jurisdiction of all matters affecting juveniles. In exercising this jurisdiction, the juvenile court may employ extensions of its authority in the form of referees in general juvenile cases and traffic hearing officers in juvenile traffic cases. When utilizing referees or traffic hearing officers, the juvenile court is not dealing with separate and distinct courts, but is merely delegating to these individuals under the juvenile court's umbrella of jurisdiction a portion of its duties and powers. It would thus appear that the "right of appeal" of these officers' determinations, which right of appeal usually denotes a different court of review, is a non sequitur. Be that as it may, it is further our opinion that both the statutes and the rules contemplate that the

determination of these individuals to whom authority has been delegated by the juvenile court is subject to review by the individual in whom ultimate juvenile jurisdiction is vested—the juvenile judge of the superior court. In this regard, the time in which rehearing must be sought is the same in both types of cases—three days after hearing in traffic cases, and three days after notice of the recommendation in other cases. A.R.S. § 8–231(F) and § 8–232(G).

However, neither the statutes nor the rules specify *where* the motion for rehearing or "appeal" is to be filed. In non-traffic cases, this "where filing is to occur" is normally not a problem for the entire proceedings are under the jurisdiction of the juvenile court and a motion filed in that case will end up in the juvenile court's file. In the traffic juvenile case, however, the proceedings are generally in a magistrate or justice of the peace court which maintains a separate and distinct docket and file from that of the juvenile court.

Must then, the juvenile in order to exercise his right to review of a traffic hearing officer's determination make a separate filing in the superior court for the juvenile judge? We believe not. If our previous discussion concerning the traffic hearing officer merely being an extension of the juvenile court is correct, we see no reason why a filing for review with that officer does not have the same force and effect to invoke the review by a juvenile judge as does the filing with a referee in all other cases. The traffic hearing officer is not a separate and distinct court when hearing juvenile cases, but is the juvenile court. Otherwise, he would have no jurisdiction to hear a matter involving a juvenile. Being an extension of the juvenile court, a "notice of appeal" filed with him is a filing for review in the juvenile court and invokes the review procedure.

The fact that in this particular case the motion for rehearing filed with the traffic hearing officer was designated as a "notice of appeal" is of no consequence (Rule 11 refers to an "appeal"). It having been timely filed and filed with an officer acting as an extension of the juvenile court, it was sufficient to amount to a motion for rehearing by a juvenile judge. It therefore follows that the juvenile judge should not have dismissed the juvenile's rehearing either on the basis that it was improperly filed or was untimely.

By reason of the foregoing, that portion of the juvenile court's order of June 30, 1975, denying the juvenile's motion to dismiss the charge for failure to comply with certain criminal rules is affirmed. That portion of the order dismissing the juvenile's "appeal" is reversed and the matter remanded to the juvenile court for consideration of the juvenile's motion for rehearing of the order of the traffic hearing officer on its merits.

EUBANK, J., and HAIRE, C. J., Division 1, concur.