549 P.2d 614

**In the Matter of the Appeal In MARI-COPA COUNTY, JUVENILE ACTION NO. J–75658–S.**

**No. I CA–JUV 47.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 13, 1976.

Moise Berger, Maricopa County Atty., by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

Diettrich & Rempe by Stephen M. R. Rempe, Phoenix, for appellant.

OPINION

NELSON, Judge.

The sole question presented on this appeal from an order of the juvenile court of Maricopa County revoking appellant's probation and committing him to the custody of the Arizona Department of Corrections, is whether a plea of former jeopardy is available, pursuant to the Fifth and Fourteenth Amendments of the Constitution of the United States and to Art. 2, § 10, Constitution of Arizona, 1 A.R.S., where the appellant had initially obtained a recommendation of a juvenile referee, after hearing, dismissing the petition for lack of evidence. The juvenile court judge rejected the claim of former jeopardy. We agree and therefore affirm the revocation of appellant's probation as well as his commitment.

A.R.S. § 8–231 provides for the use of juvenile referees. It is clear from a reading of this section that the referee is only empowered to make recommendations and that his recommendations, orders and findings are not final until approved and confirmed by the judge of the juvenile court, A.R.S. § 8–231, subsections E and F. See also: Rule 8, Rules of Procedure for the Juvenile Court, 17A A.R.S. The language of this Court in its recent decision in *In Matter of Appeal in Yavapai County Juvenile Action No. 7707*, 25 Ariz.App. 397, 543 P.2d 1154 (1975) is instructive:

". . . [T]he statute and the rules contemplate that the juvenile court shall have exclusive jurisdiction of all matters affecting juveniles. In exercising this jurisdiction, the juvenile court may em-

ploy extensions of its authority in the form of referees in general juvenile cases and traffic hearing officers in juvenile traffic cases. When utilizing referees or traffic hearing officers, the juvenile court is not dealing with separate and distinct courts, but is merely delegating to these individuals under the juvenile court's umbrella of jurisdiction a portion of its duties and powers." 25 Ariz.App. at 400, 543 P.2d at 1157.

The Supreme Court of Arizona has made it clear that a plea of former jeopardy regarding the formal action of the juvenile court judge is effective and is a bar to a subsequent prosecution as an adult. *Coleman v. Superior Court,* 110 Ariz. 386, 519 P.2d 851 (1974). The specific point raised herein by appellant is, however, a matter of first impression in this jurisdiction.

The State of California, whose statutes on the subject are, for purposes of the question before us, substantially identical to ours, has decided this question. In *Bradley v. People,* 258 Cal.App.2d 253, 65 Cal.Rptr. 570 (1968), a petition was filed against a juvenile alleging serious misconduct and seeking that the juvenile be declared a ward of the court. The matter was heard by a referee who found that the allegations contained in the petition were not true and ordered its dismissal. The judge of the juvenile court, on his own motion, ordered a rehearing. At the conclusion of the new hearing before the judge, the allegations were found to be true and the juvenile was declared a ward of the court. The Court said:

"The provisions of the juvenile court law are designed to protect the rights of the minor or his parent or guardian in giving such a person a right of review of an order of a referee of the juvenile court. They do not provide a one way street, however, for the exclusive use and benefit of the minor or his parent or guardian, for section 559 [West's Ann. Welfare and Institution Code, § 559], we believe, affords the state a right of review in any matter heard before a referee.

\* \* \* \* \* \*

"It is not unreasonable then, nor improper, that the state should have some means of review of an order of a juvenile court referee if such order is not in the best interests and for the welfare of the minor. Section 559 affords the state such a remedy. As heretofore pointed out, the rehearing of a matter heard before a referee is conducted as a trial de novo before a judge of the juvenile court, and this judgment then is subject to review upon appeal, thus affording the minor or his parent or guardian and the state the right of due process under the federal and state constitutional guarantees. 258 Cal.App.2d at 259, 65 Cal. Rptr. at 574.

Having thus supplied, by judicial decision, the only element lacking to make the procedure in California identical to that in Arizona, the Court discusses the double jeopardy question:

"In the case at bench the order of the referee dismissing the petition was a conditional order subject to be set aside by the judge of the juvenile court. It was not a final adjudication of acquittal by a court of competent jurisdiction, but in effect was subject to review and approval by such judge. Where the case has been heard in the first instance by a judge of the juvenile court the decision in such case is final and the law does not authorize the judge to order a rehearing on his own motion. Under these circumstances the final decision was that rendered by the judge upon the rehearing, as to which the minor is given the right of review upon appeal. The conditional nature of a referee's order [citations omitted] constitutes a protection which benefits the minor as well as society. We find nothing in the applicable provisions of the Juvenile Court Law which offends the Fifth and Fourteenth Amendments to the United States Constitution . . . .. [citation to Califor-

nia Constitution omitted]." 258 Cal. App.2d at 260, 261, 65 Cal.Rptr. at 575. Accord: *In re Henley*, 9 Cal.App.3d 924, 88 Cal.Rptr. 458 (1970).

Although both of the above California cases were disapproved insofar as they held that juvenile court proceedings were civil and not criminal, so as to even give rise to the constitutional protection against double jeopardy, *M. v. Superior Court of Shasta County*, 4 Cal.3d 370, 93 Cal.Rptr. 752, 482 P.2d 664 (1971), a matter clearly resolved in this jurisdiction by *Coleman v. Superior Court*, supra, the California Supreme Court was very careful not to disturb the rationale of the cases vis-a-vis the review of a decision of a referee and specifically cited the decisions in a footnote on this issue later in the decision.

The rationale of the California decisions is sound and we adopt it. The referee is merely an extension of the juvenile judge and no jeopardy attaches regarding his orders and findings unless and until they are approved by the judge of the juvenile court and thus become, in fact, the orders of the juvenile court.

The judgment is affirmed.

HAIRE, Chief Judge, Division 1, and EUBANK, P. J., concur.