602 P.2d 489

**In the Matter of Application of J–86993 for Writ of Habeas Corpus.**

**No. H–789.**

Supreme Court of Arizona, In Banc.

Nov. 16, 1979.

Ross P. Lee, Maricopa County Public Defender by Richard A. Rice, Deputy Public Defender, Phoenix, for petitioner.

Charles F. Hyder, Maricopa County Atty. by Judith C. Ruhl O'Neill, Deputy County Atty., Phoenix, for respondent.

HOLOHAN, Justice.

The petitioner, a juvenile, by a petition for writ of habeas corpus challenges her detention at the Adobe Mountain School, an institution under the jurisdiction and control of the Arizona Department of Corrections. The state has responded to the peti-

tion admitting substantially all of the factual allegations, but the state denied that petitioner is entitled to any relief.

The essential facts admitted in the pleadings are that the petitioner is a 16-year-old juvenile who has previously been adjudicated a delinquent and placed on probation. A petition was filed in the Maricopa County Juvenile Court to revoke the probation of the juvenile. At the hearing on the petition to revoke probation, the juvenile admitted the allegations of the petition, and she was found to be in violation of her probation. A disposition hearing was set.

On October 5, 1979 the juvenile appeared before a referee of the juvenile court for hearing on the disposition to be made of the case. After considering the matters presented the referee made a recommendation that the juvenile be committed to the Department of Corrections. The juvenile appealed the recommendation of the referee. The juvenile was thereafter detained in the Maricopa County Detention Center.

At oral argument before this court, the state concedes that the juvenile, through some device not known by counsel for the state, was transferred to the Adobe Mountain School.

The hearing on the appeal by the juvenile is scheduled for December 6, 1979 before the presiding judge of the juvenile court.

The power of a referee in juvenile court is limited to that of making recommendations. A.R.S. § 8–231. Any party to a juvenile hearing before a referee may appeal to the juvenile court judge from the recommendations of the referee. A.R.S. § 8–231.01. Only after hearing by the juvenile judge shall a final order of the juvenile court be entered. A.R.S. § 8–231.02. From the foregoing it is apparent that a referee may not make a final order of disposition in juvenile court—only the juvenile court judge may make and enter a final order of disposition.

The juvenile court recognized the limits of a referee's authority, and a hearing on the juvenile's appeal from the recommendation of the referee was scheduled. It

seems basic that the juvenile may not be awarded to the Department of Corrections until she has had her hearing. This principle is further supported by the requirements of A.R.S. § 8–241 E which direct that an order of commitment be transmitted to the Department of Corrections when a juvenile is awarded to it.

Since neither a final order nor any other order has been made awarding petitioner to the Department of Corrections, her detention at the Adobe Mountain School is illegal. The petitioner is entitled to an immediate release from detention at Adobe Mountain School, and she must be returned to the custody of the Juvenile Court of Maricopa County. The order of this court directing the release of petitioner from the Department of Corrections and her return to the custody of the juvenile court shall issue forthwith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.