710 P.2d 1063

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY,**
Petitioner,

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, Hon. William L. Berlat, a judge thereof; Michael Newhope, Serena Cox and Arlen Lawson, persons under the age of 18 years; Barbara Lawson; Windell Wyatt; Clarence S. Cox and Joe Lawson, parents of the minors, Respondents.**

No. 2 CA–SA 128.

Court of Appeals of Arizona,
Division 2.

Oct. 17, 1984.

Robert K. Corbin, Atty. Gen. by Laurie S. Beaver, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Clinton R. Stinson, Tucson, for respondent Court.

Child Rights, Inc. by Edith A. Croxen, Tucson, for respondent Minors.

Rubin & Myers by Stephen M. Rubin, Tucson, for respondent Barbara Lawson.

OPINION

HATHAWAY, Judge.

The Arizona Department of Economic Security has brought this special action to challenge a recommendation of a juvenile court referee subsequently signed as an order by a judge pro tempore, that a dependency petition be dismissed and that the custody of the children involved be returned to their mother. The petitioner moved to set aside the court order signed by the judge pro tempore or, in the alternative, stay the order that had been signed ex parte. Those motions were denied and this special action followed. Because petitioner is without a remedy by means of an appeal, and because the respondent court acted in excess of its legal authority, we assume jurisdiction and grant relief.

The facts giving rise to this case are relatively straightforward. A dependency petition was filed by the petitioner DES on June 20, 1984. The three minors involved were made temporary wards of the court

on June 21. On June 26, a temporary custody hearing was held before referee Joseph Ferlanto. On June 28, he signed a minute entry finding that temporary custody was clearly necessary and making the children temporary wards of the state. Juvenile court Judge Philip Fahringer approved the recommendation. Following contested dependency hearings on July 16, August 6 and August 20, the juvenile court referee took the case under advisement and on August 23, he found that a status of dependency did not exist and recommended that the dependency petition be dismissed and that the custody of the children be returned to their mother. That same day, a copy of the minute entry of the referee's recommendations was obtained by the mother's attorney. It was signed that same date by the Honorable William Berlat, judge pro tempore. The mother's attorney then demanded the children be returned to his client by authority of this order. Petitioner's motions to set aside or stay the order followed on the next day, their denial giving rise to this special action.

The question presented to us concerns the effect of a referee's recommendations in a dependency proceeding in the interim between the minute entry making the recommendations and the allowable seven-day appeal time under A.R.S. § 8–231.01.

The authority of a referee is derived from A.R.S. § 8–231, which states in part:

"A. The presiding judge of the juvenile court in any county may appoint one or more referees to serve on a full-time or part-time basis. A referee shall serve at the pleasure of the judge.

＊   ＊   ＊   ＊   ＊   ＊

D. The juvenile judge may direct that hearing in any case or class of cases provided in this title be conducted at the first instance by a referee ...

E. Upon the conclusion of the hearing before the referee, he shall transmit written findings and recommendations for disposition to the judge of the juvenile court. Prompt written notice and copies of the findings and recommendations shall be given to the parties to the proceeding."

In the case of *In the Matter of Application of J–86993 for Writ of Habeas Corpus*, 124 Ariz. 108, 602 P.2d 489 (1979), our supreme court stated:

"The power of a referee in juvenile court is limited to that of making recommendations. A.R.S. § 8–231. Any party to a juvenile hearing before a referee may appeal to the juvenile court judge from the recommendations of the referee. A.R.S. § 8–231.01. Only after hearing by the juvenile judge shall a final order of the juvenile court be entered. A.R.S. § 8–231.02. From the foregoing it is apparent that a referee may not make a final order of disposition in juvenile court—only the juvenile court judge may make and enter a final order of disposition." 124 Ariz. at 109, 602 P.2d 489.

Division One of this court, in its decision in In the *Matter of the Appeal of Yavapai County, Juvenile Action No. 7707*, 25 Ariz.App. 397, 543 P.2d 1154 (1975), agreed that a referee's decision is "merely a recommendation which does not become final until confirmed by the judge of the Juvenile Court." 25 Ariz.App. at 400, 543 P.2d 1154. While it may be clear that referees can only make findings and recommendations and are incapable of entering orders, the instant case presents us with a novel twist in that the referee's recommendations were signed by a judge, prior to the expiration of the period for appeal. Under A.R.S. § 8–231.01, a party may appeal from the recommendation of the referee within seven working days of the date that the referee signs and mails or delivers the notice required by A.R.S. § 8–231, subsection (E). The appeal is to be on the record made before the referee if a record includes a transcript of the proceedings. Otherwise a trial de novo is to be granted. A.R.S. § 8–231.02. After the trial de novo or the review of the record, if there is one, the juvenile judge is then to enter a final order. A.R.S. § 8–231.02(B).

■ The procedure which was followed in this case had the effect of denying petitioner its appeal rights under A.R.S. § 8–231.01 since the ex parte signing of the referee's recommendations occurred immediately upon entry of the recommendations and effectively denied the right to either a review on the record or trial de novo under A.R.S. § 8–231.02. It would appear that the only way to reconcile the applicable statutes is to hold that the recommendations and findings made by the referee do not amount to an interim order but remain a mere recommendation for the seven-day period and become an order only at the expiration of that time.

Respondents argue that in order to protect the orderly function of the juvenile court, the referee's recommendations must be treated as interim orders, as this would be the only method to provide for the expedient resolution of issues that arise daily at the juvenile court. In support of this argument, respondents point to the requirements for detention hearings under Rule 3(d), Arizona Rules of Procedure for the Juvenile Court, 17A A.R.S., which requires that a juvenile be released if he is not ordered detained by the court within 24 hours following the filing of a petition. Since a juvenile detained on a recommendation of a referee could appeal the recommendation, and since Rule 3(d) states that no juvenile can be held longer than 24 hours following the filing of a petition unless ordered by the court after a hearing, to detain the juvenile pending an appeal of the referee's recommendation of detention would violate the 24-hour detention rule without a court order. Respondents argue that the result would be that all juveniles would have to be released from detention or the judge would have to conduct the initial hearing. Respondents cite as another example A.R.S. § 8–242.01 which outlines the procedure to have a juvenile's mental status examined when the juvenile is in custody or a ward of the court. Respondents argue that unless the referee's recommendation is treated as an interim order, seven days would have to expire before the expert evaluation could be performed and a delay could be detrimental to the juvenile who is in need of assistance. We agree that the failure to treat the referee's recommendations as a temporary order would apparently disrupt the juvenile court process as it is presently working. However, the resolution of the problems posed in respondents' examples, as mandated by case law cited above, is to have a judge conduct the initial hearings, rather than a referee. If detention for more than 24 hours without a court order violates Rule 3(d), a judge should be conducting the initial hearing to avoid the necessity of the seven-day appeal period. Perhaps even more important is to have a judge conduct the initial hearing where a mental examination is sought for a juvenile in order to allow a mental examination to take place as soon as possible.

■ Respondents caution us that a ruling such as we are making today will "effectively nullify the usefulness of the juvenile court referee in contested dependency proceedings, detention hearings and in other possible circumstances." However, since a referee does not have the statutory authority to enter orders of the court, but may only make recommendations and findings, it is impossible for us to rule differently. The signed order in this case was a nullity in that it was entered prior to the seven-day period for appeal from the referee's recommendation. Therefore, the return of the children to the natural mother was made pursuant to a void order. The children should be returned to the custody of petitioner, which was awarded custody of the children pursuant to the last valid court order entered by Judge Fahringer.

Relief granted.

BIRDSALL and HOWARD, JJ., concur.