711 P.2d 589

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY,**
Petitioner,

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, Hon. William L. Berlat, a judge thereof; Michael Newhope, Serena Cox and Arlen Lawson, persons under the age of 18 years; Barbara Lawson; Windell Wyatt; Clarence S. Cox and Joe Lawson, parents of minors, Respondents.**

No. 17977–PR.

Supreme Court of Arizona, En Banc.

Dec. 9, 1985.

Robert K. Corbin, Atty. Gen., Phoenix, Laurie S. Beaver, Asst. Atty. Gen., Tucson, for petitioner.

Stephen D. Neely, Pima Co. Atty. by Clinton R. Stinson, Tucson, for Judge Berlat.

Edith A. Croxen, Tucson, for Minors.

Rubin & Myers by Stephen M. Rubin, Tucson, for Barbara Lawson.

HOLOHAN, Chief Justice

We granted review in this child dependency proceeding to clarify questions about the effect of juvenile referee recommendations in juvenile proceedings. We approve the opinion of the Court of Appeals, *Arizona Department of Economic Security v. Superior Court,* 147 Ariz. 408, 710 P.2d 1063 (1984). The issue presented for consideration is what effect should be given a referee's recommendation in a dependency proceeding, between the time of the signing of the minute entry by the referee and the expiration of the seven-day appeal period provided under A.R.S. § 8–231.01?

The facts in this case are undisputed; on June 20, 1984, the Arizona Department of Economic Security (DES) filed a dependency petition in juvenile court with respect to the three minor children of petitioner Barbara Lawson. Juvenile referee Joseph Ferlanto conducted a temporary custody hearing pursuant to A.R.S. § 8–546.06. He found that temporary custody of the minors was necessary to prevent abuse. He further recommended that the minors be made wards of the court. Judge Philip Fahringer signed a minute entry confirming the referee's recommendation.

Following contested dependency hearings on July 16, August 6 and August 20, referee Ferlanto took the case under advisement. On August 23, 1984, he made a minute entry finding that the status of dependency did not exist, and recommending that the children be returned to their mother. That same day, without notice to DES, the mother's attorney obtained Juvenile Judge pro tempore Berlat's signature on a copy of the minute entry; her attorney then demanded that the children be returned to his client by authority of this order. To avoid contempt of court, DES complied.

On August 24, 1984, DES sought to have the court order set aside, or, in the alternative, to have the order stayed pending appeal by DES pursuant to A.R.S. § 8–231.01.

Judge Berlat denied both motions. DES then sought relief from the denial of its motions by a special action filed in the Appeals Court, Division Two. The Appeals Court granted DES relief and ordered the children returned to the custody of DES. As noted previously we approve the decision of the Court of Appeals. The respondents maintain that the effect of the Court of Appeals' decision will effectively end the use of referees in juvenile court.

The authority of a juvenile referee is derived from A.R.S. § 8–231, which states in part:

"A. The presiding judge of the juvenile court in any county may appoint one or more referees to serve on a full-time or part-time basis. A referee shall serve at the pleasure of the judge.

    \*     \*     \*     \*     \*     \*

"D. The juvenile judge may direct that hearing in any case or class of cases provided in this title be conducted at the first instance by a referee ...

"E. Upon the conclusion of the hearing before the referee, he shall transmit written findings and recommendations for disposition to the judge of the juvenile court. Prompt written notice and copies of the findings and recommendations shall be given to the parties to the proceeding."

In the case of *In the Matter of Application of J–86993 for Writ of Habeas Corpus*, 124 Ariz. 108, 602 P.2d 489 (1979), this court stated:

"The power of a referee in juvenile court is limited to that of making recommendations. A.R.S. § 8–231. Any party to a juvenile hearing before a referee may appeal to the juvenile court judge from the recommendations of the referee. A.R.S. § 8–231.01. Only after hearing by the juvenile judge shall a final order of the juvenile court be entered. A.R.S. § 8–231.02. From the foregoing it is apparent that a referee may not make a final order of disposition in juvenile court—only the juvenile court judge may

make and enter a final order of disposition.

*Id.* at 109, 602 P.2d at 490.

The role of the referee in hearing matters in juvenile court is an important part of the juvenile justice system. Referees hear many routine matters relieving judges of the necessity of spending time on such matters. Although appeal of the referee's decision to the juvenile court judge is authorized, not all matters are appealed. Obviously, the nature of the matters assigned to referees may result in more appeals, and to this extent the utility of using referees may be affected. We may not, however, change the plain meaning of the statute to accommodate caseload management.

The decision of the Court of Appeals in this case did not create any new rule. It simply enforced what the statute and case law required. The applicable statutes and case precedent do not, however, address the effect of the referee's recommendations during the seven-day appeals period following the referee's recommendation. Under A.R.S. § 8–231.01, a party may appeal from the recommendations of the referee within seven working days of the date that the referee signs and mails or delivers the notice required by A.R.S. § 8–231(E). The appeal is to be on the record made before the referee if a record includes a transcript of the proceedings. Otherwise a trial de novo is to be granted. A.R.S. § 8–231.02. After the trial de novo or the review of the record, if there is one, the juvenile judge is then to enter a final order. A.R.S. § 8–231.02(B).

■ In the interim period between entry of the referee's recommendations and entry of final order by a juvenile judge, a recommendation in a juvenile case remains *"merely a recommendation* which does not become final until confirmed by the judge of the Juvenile Court."* In the *Matter of the Appeal in Yavapai County, Juvenile Action No. 7707*, 25 Ariz.App. 397, 400, 543 P.2d 1154, 1157 (1975) (emphasis supplied). We reject the suggestion that the referee's recommendation be treated as an interim or temporary order. The

Legislature did not intend to create a new class of judges in the referees; as it has unequivocally provided, referees may do no more than conduct hearings, and "transmit written findings and recommendations for disposition to the judge of the juvenile court." A.R.S. § 8–231(E).

 The argument is advanced that children should not be kept from parental custody when the evidence shows no justification. It is, of course, the weighing of that evidence which is a judicial function ultimately reserved for the juvenile judge. There is, however, a legitimate procedure which can be followed in proper circumstances to accelerate the return of children to a parent when such is the recommendation of the juvenile referee. When, as in this case, the children are made temporary wards of the juvenile court that wardship places the children under the control of the juvenile court. That court can then order the physical placement of the children with DES or with any other appropriate agency or individual. Unlike A.R.S. § 8–241(A)(1) which describes and limits the agency or individual who may be awarded children found to be dependent, there is no specific statutory limitation on the persons or agencies which the juvenile court may select to care for children under a temporary wardship. The matter is left to the sound discretion of the juvenile court.

■ Thus, the juvenile court, after the recommendation of the referee in this case, could have entered an order temporarily transferring physical custody of the court's wards from DES to their parent until further order of the court. Such action by the juvenile court would not constitute final approval of the referee's recommendation and the appeal rights of the agency would be preserved. If the agency appealed, and the juvenile court rejected the recommendations of the referee, the physical custody of the children could be restored to the agency; if the recommendations of the referee were accepted by the court, the petition would be dismissed and the children left with their parent. The key element in the foregoing procedure is that the action would be fully in conformity with the requirements of the statutes, and the appeal rights of the parties would be preserved.

We approve the court of appeals' opinion (*Arizona Department of Economic Security v. Superior Court et al.*, 147 Ariz. 408, 710 P.2d 1063, (1984)), as supplemented by this opinion, and remand to the juvenile court for proceedings not inconsistent with this opinion.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.