767 P.2d 1185

Daniel Stephen NEILSON, Petitioner,

v.

SUPERIOR COURT, COCHISE COUN-
TY, and The Honorable Judge of Divi-
sion III Thereof, James L. Riley, Re-
spondents,

and

The STATE of Arizona, Real
Party in Interest.

No. 2 CA–SA 88–0145.

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 29, 1988.

Review Denied Feb. 22, 1989.

Robert Arentz, Cochise County Public
Defender by Joseph P. DiRoberto, Bisbee,
for petitioner.

Alan K. Polley, Cochise County Atty. by
Wayne A. Dirst, Bisbee, for real party in
interest.

## OPINION

FERNANDEZ, Judge.

Petitioner brought this special action
from the trial court's denial of a petition
for writ of habeas corpus. Because we
believed petitioner had no adequate remedy
by means of appeal and because he was
being held wrongfully in the Cochise Coun-
ty Jail pending the outcome of this special
action, we granted relief by order of No-
vember 14, 1988, releasing him from custo-
dy and ordering that he cannot be incarcer-
ated as a result of the probation revocation
proceedings. This opinion supplements
that order.

Petitioner was arrested on April 24, 1988,
for disorderly conduct, a class 1 misde-
meanor, in violation of A.R.S. § 13–2904.
A conviction for such offense carries a jail
sentence of not more than six months and a
fine of not more than $1,000 plus a 37
percent surcharge. A.R.S. §§ 13–707(A)(1),
13–802(A) and 41–2403(A). At petitioner's
initial appearance in Cochise County Jus-
tice Court, he completed the financial state-
ment and a request for appointment of
counsel form. The form stated that he was
indigent, that he wished counsel to be ap-
pointed to represent him and that he would
be able to make a down payment of $50
toward attorney's fees. The judge refused
to appoint counsel for petitioner. Petition-
er never waived his right to appointed
counsel. After a court trial on May 19 at
which petitioner was unrepresented, he
was found guilty as charged and was sub-
sequently sentenced to unsupervised proba-
tion for 12 months and fined $68.50. On
the order imposing the terms of probation,
the judge wrote, "If not suc[c]essfully com-
pleted the fine will be 1,370.00 & 6 months
in jail."

On October 26, a hearing was held before
the same judge to ascertain whether peti-
tioner had violated the conditions of his
probation. Petitioner was represented by
appointed counsel at the hearing. After
the court found that petitioner had violated
the terms of his probation by failing to be a
law-abiding citizen and consuming alcohol,
he was ordered into custody at the Cochise

County Jail, without bond, to await disposition. Petitioner has avowed to this court that the judge stated that he intended to impose a jail term for the disorderly conduct conviction as a result of the probation violation. Petitioner filed a petition for writ of habeas corpus in Cochise County Superior Court which, after hearing, was dismissed. This special action was taken from the denial of that relief.

The issue presented is whether an indigent criminal defendant, after being denied appointed counsel, can subsequently have his probation revoked and a jail term imposed based on the previous uncounseled conviction. He cannot. Ariz.R.Crim.P. 6.1(a) and (b), 17 A.R.S., state in part:

> a. Right to be Represented by Counsel. A defendant shall be entitled to be represented by counsel in any criminal proceeding, except in those petty offenses such as traffic violations where there is no prospect of imprisonment or confinement after a judgment of guilty....

> b. Right to Appointed Counsel. An indigent defendant shall be entitled to have an attorney appointed to represent him in any criminal proceeding which may result in punishment by loss of liberty and in any other criminal proceeding in which the court concludes that the interests of justice so require.

Rule 6.1 is founded on the Supreme Court decisions of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In *Argersinger*, the court held "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2012, 32 L.Ed.2d at 538. Justice Douglas, writing for the majority, concluded:

> Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel....

> The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy.

407 U.S. at 40, 92 S.Ct. at 2014, 32 L.Ed.2d at 540.

In this case, petitioner was incarcerated as a result of his uncounseled conviction. The state argues that because he was not actually incarcerated after his trial but was placed on probation and because he makes no attack on the validity of his prior uncounseled conviction, that prior conviction and the sentence of probation are valid. The state argues additionally that because the possibility of a jail term must exist in order to deter probationers from departing from their conditions of probation, the lower court did not err in incarcerating petitioner. However, the state overlooks the result here, that an indigent criminal defendant, deprived of counsel and convicted, has been incarcerated in violation of *Argersinger* "in a case that actually leads to imprisonment even for a brief period." 407 U.S. at 33, 92 S.Ct. at 2010, 32 L.Ed.2d at 536.

It is clear that petitioner faced the prospect of the imposition of a jail term throughout the lower court proceedings, as evidenced by the judge's admonition that failure to abide by the conditions of probation would automatically result in the imposition of the maximum jail term. Indeed, in this case we have the benefit of hindsight because petitioner was actually incarcerated until this court's order released him.

Petitioner cannot be sentenced to a term of imprisonment resulting from his May 19, 1988, uncounseled conviction in justice court. This does not mean, however, that petitioner can violate the terms of his probation with impunity. Imposition of the maximum fine plus the surcharge is certainly a possibility, but under the circumstances, petitioner may not be sentenced to a jail term for violating the probation which

was imposed as a result of his uncounseled conviction.

RELIEF GRANTED.

LACAGNINA, C.J., and ROLL, P.J., concur.