767 P.2d 25

**In the Matter of the APPEAL IN PIMA COUNTY SEVERANCE ACTION NO. S–2248.**

**No. 2 CA–JV 88–0013.**

Court of Appeals of Arizona, Div. 2, Department B.

Aug. 31, 1988.

Review Denied Jan. 31, 1989.

Paul F. Tosca, Jr., Tucson, for Natural Parents.

Robert K. Corbin, Atty. Gen. by Jacqueline D. Wohl, Tucson, for State.

Edith A. Croxen, Tucson, for Minor.

## OPINION

PER CURIAM.

Appellants, the natural parents, appeal the juvenile court's order terminating the

parental relationship between them and their son born March 14, 1980. Before turning to the merits of appellants' claims, we consider an unresolved procedural matter.

## APPEAL OF REFEREE'S RECOMMENDATION

The contested termination was heard by a juvenile court referee who, on December 18, 1987, entered written findings and recommended the orders which are the subject of this appeal. On December 30, 1987, a judge of the juvenile court signed the referee's minute entry approving the recommendations and giving them the force and effect of a final court order. Appellants then filed a timely appeal from that December 30 order.

■ The state has moved to dismiss the appeal, arguing that appellants were required by A.R.S. § 8–231.01 to appeal the referee's recommendation to the juvenile judge as a prerequisite to further appellate review. With that argument we disagree. The statute on which the state has based its argument provides: "Any party to a juvenile hearing may appeal from the recommendation of the referee." A.R.S. § 8–231.01(A). The statute also requires that such an appeal be filed within seven working days of the date that the referee has given notice of his findings and recommendations. A.R.S. § 8–231.01(B). The language of the statute is clearly permissive, not mandatory, and we find no other provisions which lead to a different conclusion. If no appeal is filed to challenge a referee's recommendation within the seven-day time limit, a juvenile judge considers the recommendations and, as in this case, may approve those recommendations by signing the referee's recommended order, making it the final appealable order of the juvenile court. While it is true that a referee may not make and enter a final juvenile court order, *Application of J–86993*, 124 Ariz. 108, 602 P.2d 489 (1979), if no appeal is filed from the referee's recommendation, the recommendation may be confirmed by a judge of the juvenile court. *Arizona Department of Economic Securi-*

*ty v. Superior Court*, 147 Ariz. 450, 452, 711 P.2d 589, 591 (1985). Once a juvenile court judge has confirmed the referee's recommendation, an appeal may be filed as in this case pursuant to A.R.S. § 8–236 and Ariz.R.Juv.Ct.P. 25, 17B A.R.S.

We deny the state's motion to dismiss and we hold that a failure to appeal the referee's recommendation does not preclude further appellate review of the final order as confirmed by a juvenile court judge.

## FACTS AND PROCEDURE

On December 18, 1987, the juvenile court entered its underadvisement order terminating the parent-child relationship between the minor and his natural parents. The court found that the referrals concerning this particular family date back to December 1975 and include neglect, physical abuse and sexual abuse of the minor's siblings as well as the minor himself. With regard to the child which is the subject of this action, the court found that he was "subject to inappropriate touching of his genitalia by both his natural parents and that this included fondling by the natural mother and penetration of the minor's anus by the natural father's penis." Additionally, the court found that the minor had been physically abused by both his parents on a number of occasions and that the parents had refused and had been unable "to take positive measures to cease or prevent this abuse despite repeated services offered by the Department of Economic Security." The court found the home to be unfit and that the parents had willfully abused the minor. A.R.S. § 8–533(B)(2). The court additionally found that the minor had been placed outside his home for a cumulative total period of beyond one year and that the parents had substantially neglected or willfully refused to remedy the circumstances which caused the minor to be in out-of-home placement. A.R.S. § 8–533(B)(6). The court ordered that the parent-child relationship be terminated based on its finding of clear and convincing evidence to justify the termination. It is

from that order which the natural parents appeal.

## ISSUES ON APPEAL

The issues raised on appeal have nothing to do with the sufficiency of the evidence. Appellants do not argue that the evidence was insufficient to support the court's finding by clear and convincing evidence that a termination of the parent-child relationship between them and their minor son was justified. Instead, they argue about procedural matters and rulings on motions, labeling them denials of due process. Appellants also challenge the court's imposition of a support order.

## MOTION FOR INDEPENDENT PSYCHOLOGICAL EVALUATION

■ Appellants contend that the court erred in denying their repeated motions seeking an order for an independent psychological examination of the child. They also sought an order authorizing joint counseling of the parents and the minor. The minor's therapist, Dr. Richard Hinton, determined that such an evaluation was inappropriate and could harm the child. At an evidentiary hearing on appellants' renewed motion for an independent psychological examination, Dr. Hinton again testified that the seven-year-old child was very disturbed and that tremendous potential harm could result from such an evaluation. Rule 35, Ariz.R.Civ.P., 16 A.R.S. permits a mental examination by a physician when the mental condition of a person is in controversy and when the party moving for such examination has shown good cause. This child's mental condition was not in controversy in this termination proceeding. Nor do we find that appellants made any showing of good cause for the examination. The only expressed reasons for the independent evaluation centered around the question of the child's veracity. Such reasons do not constitute good cause for the evaluation. In view of the risk to the mi-

nor and appellants' failure to show any benefit from an independent examination, we do not believe that the juvenile court abused its discretion in denying their motion. *See Parsons v. Smithey*, 109 Ariz. 49, 504 P.2d 1272 (1973). In their memorandum on appeal, the natural parents summarize their reasons for seeking an independent evaluation as follows: "How would the parents in this action be able to demonstrate their fitness when they were impeded at a crucial juncture from impeaching the major witness against them, their child?" Appellants urge that we deviate from the rule that expert opinion on veracity is inadmissible, *State v. Moran*, 151 Ariz. 378, 728 P.2d 248 (1986), and allow such opinion testimony in the juvenile court. That we will not do.

## MOTION FOR SEPARATE HEARINGS

■ The petition in the instant action was consolidated for hearing with a dependency petition filed as to the minor's sister. Appellants challenged the consolidation order and, after hearing argument, the court denied their motion to conduct separate hearings. Appellants argue unfair prejudice and that the children were the subjects of different legal matters and had different natural fathers. The dependency petition regarding the minor's sister and the termination petition, the subject of this action, contained common allegations. Evidence regarding the natural parents' abuse of this minor's sister was relevant to and admissible in the instant termination proceeding. We do not find that the juvenile court abused its discretion in consolidating these actions.

## NOTICE OF CHANGE OF JUDGE

After the dependency of the minor's sister was consolidated with the termination proceedings, appellants sought a change of judge in the dependency case and, on appeal, acknowledge that the change of judge was sought only in the matter of the dependency. The notice of change of judge

appeared to be intended to circumvent the court's order consolidating the two proceedings. Because the notice was filed only under the dependency, and not in the present case, there is no argument directly applicable to this case.

Even assuming that the notice of change of judge applied to both cases as consolidated, the notice was not timely filed. Additionally, the referee had already heard substantive testimony in the action. Finally, appellants have not demonstrated any prejudice resulting from this particular referee's hearing the case.

## APPELLANTS' RIGHT TO QUESTION THE MINOR

■ The court approved a stipulation allowing appellants' counsel to question the minor. Considering the minor's age and his fragile emotional condition, appellants were required to submit the questions they wished to ask the minor in written form prior to the examination, and appellants' attorney was to question the minor in chambers with only the minor and the minor's therapist present. Appellants, the referee, and all other parties and counsel viewed the examination on closed circuit television as it took place. All parties agreed that if the interview appeared to be affecting the minor adversely, it would be terminated. Examination of the minor did proceed pursuant to the stipulation and appellants' counsel was allowed to ask the minor the approved questions. After a period of time, the minor's answers became unresponsive and he appeared to be very distracted. After all of the approved questions had been asked, but prior to counsel's having the opportunity to ask follow-up questions, the referee ended the examination due to the minor's increasing agitation and inability to respond to the questions. Appellants claim, but do not state how, they were greatly prejudiced by the court's termination of the examination. In view of the minor's condition and the stipulation, we do not believe the court abused its discretion. Juvenile courts have the discretion to structure questioning of children to minimize the negative effects upon them. *See Appeal in Maricopa County Juvenile Action No. JD–561*, 131 Ariz. 25, 28, 638 P.2d 692, 695 (1981). We find no prejudice.

## OFFER OF PROOF IN THE PRESENCE OF THE JUDGE

■ Appellants disclosed as a witness a Charles Cheatham, who traveled to Tucson to testify at the hearing. Mr. Cheatham had been involved in therapy with appellants and the natural mother's eldest son following the filing of the dependency action regarding the minor who is the subject of the instant appeal. Appellants, who reside in California, contend that Mr. Cheatham was prepared to testify as to their fitness as parents, but he had to return to California before his testimony would be heard. Appellants did not inform the court of Cheatham's deadlines, but later asked to make an offer of proof regarding what Mr. Cheatham would have said had he testified. The minor's counsel and counsel for the state objected, and the referee permitted appellants to place their offer of proof on the record but excused himself from the courtroom while counsel did so.

Rule 103, Ariz.R.Evid., 17A A.R.S., provides that: "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... in case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer...." Rule 103(c) provides that offers of proof be made outside the hearing of the jury. Here, we do not find that appellants were prejudiced by the referee's refusal to listen as counsel placed his offer of proof on the record. Although the referee, as the trier of fact, was not required to excuse himself from the courtroom, counsel's statements regarding Mr. Cheatham's possible testimony were clearly inadmissible and the referee would have been required to disregard them in any event. We find no error.

ASSESSMENT FOR SUPPORT

The referee ordered, pursuant to A.R.S. § 8–538(C), that appellants pay $200 per month for the support of the child so long as the child remains in the legal and physical custody of the Department of Economic Security, such payments to commence 30 days after the effective date of the juvenile court's order. Appellants contend that § 8–538(C) allows a support order only in the event that there is a remaining parent whose relationship has not been terminated. We disagree. A.R.S. § 8–538 provides that: "[t]he court shall also make an order fixing responsibility for the child's support. The parent-child relationship may be terminated with respect to one parent without affecting the relationship between the child and the other parent." Appellants rely on this section as the basis for their narrow interpretation of the court's power to order support payments. However, we turn to A.R.S. § 8–539 which provides:

> An order terminating the parent-child relationship shall divest the parent and the child of all legal rights, privileges, duties and obligations with respect to each other *except the right of the child to inherit and support from the parent. This right of inheritance and support shall only be terminated by a final order of adoption.*

(Emphasis added.) We find no error in the court's order requiring appellants to support the child until such time as a final order of adoption has been entered.

The juvenile court's order terminating the parent-child relationship between appellants and their minor son is affirmed.