815 P.2d 424

**In the Matter of the Appeal YUMA COUNTY JUVENILE ACTION NOS. J–90–283, J–90–284.**

**No. 1 CA–JV 91–009.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 13, 1991.

Grant Woods, Atty. Gen. by Kim S. Anderson, Asst. Atty. Gen., Phoenix, for appellant Arizona Dept. of Economic Security.

Bruce Yancey, Yuma, for parents.

Richard D. Engler, Yuma, for children.

OPINION

GRANT, Judge.

Following oral argument in this juvenile appeal, we entered an order reversing the juvenile court's order of November 13, 1990, dismissing dependency petitions numbered J–90–283 and J–90–284. We ordered that those petitions be reinstated and that the Arizona Department of Economic Security (DES) be permitted to present evidence in support of the dependency petitions. We also ordered that the standard of proof in a hearing to review the taking into temporary custody pursuant to A.R.S. § 8–546.06 be by a preponderance of the evidence. We stated that a written opinion would follow. This is that opinion.

FACTS

On November 8, 1990, Child Protective Services (CPS) received a referral regarding a ten-year-old girl. A CPS worker observed that the girl had a black eye and some bruising, as well as injuries to her lips. The girl, who is developmentally disabled, indicated that the injuries were caused by her mother. When asked about her injuries, she responded "I just don't want mommy to hurt me anymore," and that she did not want to be sent home with her mother. The girl's mother claimed that the child "had thrown a fit" and that she may have "tapped" her on the face to calm her down. However, the mother denied having used enough force to cause the injuries.

Subsequently, the girl was taken into temporary custody by CPS to protect her from further harm. CPS also took temporary custody of the girl's younger brother to protect him from potential harm. The next day, November 9, DES filed dependency petitions with the Yuma County Superior Court alleging that the children were dependent due to physical abuse to the girl by her mother while in the mother and stepfather's care, and a prior reported history of physical abuse to two other siblings who had since been removed from the family. The court made the children temporary wards of the court and set a dependency

hearing for November 27, 1990. A.R.S. § 8–223(D)(5)(b).

In the meantime, the parents requested a hearing to review the taking into temporary custody. That hearing was scheduled for November 13, 1990. On that date, after testimony from a DES caseworker and the parents, the juvenile court dismissed both dependency petitions, concluding that there was not "clear and convincing evidence to meet the standard of proof." DES's motion for reconsideration was denied and this appeal followed.

## ISSUES

1. Whether the juvenile court erred in dismissing the dependency petitions at the hearing set to review the taking of temporary custody.

2. Whether the juvenile court erred by applying a "clear and convincing" standard of proof rather than a preponderance of the evidence standard at the hearing to review temporary custody.

## DISCUSSION [1]

### 1. *Dismissal of the Dependency Petition.*

A child may be taken into temporary custody by a Child Protective Services specialist to protect the child from imminent abuse. A.R.S. § 8–223(B)(2)(a). However, upon a written request by a parent of a child taken into temporary custody, the court shall review that taking. A.R.S. § 8–546.06(A). In a hearing to review temporary custody, the court "shall determine whether temporary custody of the child is clearly necessary to prevent abuse *pending the hearing on the dependency proceeding.*" A.R.S. § 8–546.06(B) (emphasis added). If the court finds that temporary custody is "not clearly necessary," then the child shall be returned to her parents "pending the dependency hearing." A.R.S. § 8–546.06(B)(1).

■ In the present case, a hearing to review the taking into temporary custody took place on November 13, 1990. At that hearing, the court concluded that temporary custody was not clearly necessary and dismissed the dependency petitions. For the reasons which follow, we hold that the juvenile court abused its discretion in so ruling.

Pursuant to A.R.S. § 8–546.06, the court is required to determine whether temporary custody is "clearly necessary," and, if not, to return the children to their parents pending the hearing on the dependency petitions. A.R.S. § 8–546.06 does not permit the court to dismiss the dependency petitions at the hearing to review the taking of temporary custody. *Id.*[2]

### 2. *Standard of Proof.*

DES argues that the juvenile court erred by applying a clear and convincing standard of proof in rendering its decision. The court stated:

> The standard of proof in these cases, as I understand it . . . is that the state bears the burden of showing by clear and convincing evidence there is dependency.

---

**1.** Preliminarily, we note that the parents failed to answer DES's Notice of Appeal. According to Rule 26(a), Arizona Rules of Procedure for the Juvenile Court, the decision to file an answer is discretionary, not mandatory. ("A party served with a notice of appeal and a statement of grounds for the appeal supported by a memorandum of authorities may file with the Clerk of the Superior Court an answer with supporting memorandum of authorities within 15 days after service of the notice of appeal.")

**2.** DES has inferred from the court's order that the hearing held on November 13 was in fact an accelerated dependency proceeding and not simply a hearing to review the taking of temporary custody. Although we disagree with the characterization, we note that if the November 13 hearing was an accelerated dependency proceeding, then due process was not observed since DES did not receive proper notice. *In re Pima County Juvenile Dependency Action No. 98874,* 161 Ariz. 231, 232, 778 P.2d 266, 267 (App.1989), *but cf. Pima County Severance Action No. S–2248,* 159 Ariz. 302, 767 P.2d 25 (App.1988) (where the court held that the juvenile court did not abuse its discretion by consolidating the hearings for a petition to terminate parental rights of one child and a dependency petition involving that child's sibling, since both petitions involved common allegations and evidence).

No Arizona court has set forth the standard of proof to be applied at hearings to review the taking into temporary custody. Nor does the statute specifically articulate a standard. Therefore, to establish the appropriate standard of proof, we look to the analysis used by the Arizona Supreme Court to determine the applicable standard of proof in dependency proceedings.

In *In re Cochise County Juvenile Action No. 5666-J*, 133 Ariz. 157, 158–59, 650 P.2d 459, 460–61 (1982), the court held that the standard of proof in dependency proceedings is a preponderance of the evidence. The court first considered Rule 17, Arizona Rules of Procedure for the Juvenile Court, which sets forth the burdens of proof in juvenile proceedings. Rule 17(2) states that the clear and convincing standard is used only in "matters concerning the termination of the parent-child relationship." For all other proceedings courts are to use a preponderance of the evidence standard. Rule 17(3). The court applied this section to conclude that a preponderance of the evidence standard is necessary in dependency proceedings. *Cochise County Juvenile*, 133 Ariz. at 159, 650 P.2d at 461. Further, the court reasoned that, while termination of parental rights "is an irrevocable decision" requiring a strict standard of proof, "[t]he determination of dependency ... is not an irreversible decision. It does not sever all contacts between child and parent, nor does it destroy all rights forever." *Id.*

Similarly, since the hearing to review a taking of temporary custody does not involve a permanent termination of parental rights, a juvenile court reviewing temporary custody shall determine whether by a preponderance of the evidence such custody is "clearly necessary to prevent abuse." A.R.S. § 8–546.06(B). We hold therefore that the juvenile court erred by applying the stricter standard.

## CONCLUSION

Since the juvenile court abused its discretion by dismissing the dependency petitions at a hearing to review the taking into temporary custody, we remand with directions to the juvenile court to reinstate those petitions and permit DES to present evidence in support of those petitions. We also conclude that if the juvenile court reviews the temporary custody, and then determines that the temporary custody is necessary, it shall do so by a preponderance of the evidence.

KLEINSCHMIDT, P.J., and EHRLICH, J., concur.